46248.   MEYERS v. STATE OF GEORGIA.

ARGUED JUNE 4, 1971—DECIDED JUNE 30, 1971.

*Harold T. Daniel, Jr.,* for appellant.

*Martin H. Peabody, Henry J. Miller, Hope Sadler Poe,* for appellee.

EBERHARDT, Judge. We reverse. On the issue of whether custody of a child is to be denied a parent, the facts must be construed in the parent's favor, i.e., against an abandonment. *Johnson v. Strickland,* 88 Ga. App. 281, 283 (76 SE2d 533).

The term "abandonment" has been well defined in *McComas v. Glendinning,* 59 Ga. App. 234, 235 (200 SE 304). Applying the tests of that definition it is apparent that appellant had no intention of giving up her child never to resume or claim her rights of interest in it. Her actions were not those of a deliberate, carefully weighed decision by one under no compulsion, or one standing in a position to make a rational and deliberate judgment. She was in something akin to a state of shock and under a feeling of compulsion to do something that would enable the child to get immediate attention from a doctor, which she was not then in position to provide. As we see this evidence, she sought to do that which her impaired judgment told her would help the child—not to desert and abandon it. She did not leave it destitute, for she left with it the money that she had—more than a week's support in terms of the court order. She followed up within a matter of days, when she learned that custody of the child might be given to others, obtained counsel, sought a return of the child to herself, moved into an apartment where she would be allowed to keep it, and arranged for its day care while she worked.

We do not regard the facts before the court as authorizing a finding of abandonment of the child by its mother.

Nor do we think the finding that the child was under an "improper or insufficient guardianship" appropriate here. There could have been no guardianship save the natural guardianship of the mother. Since we view the evidence as insufficient to authorize the finding of abandonment, but rather, when properly construed to indicate a purpose of the mother to reclaim custody of the child when she was able to arrange for its care, and since the trial court concluded that the parental rights of the mother should not be terminated, this finding does not require a different result.

*Judgment reversed. Hall, P. J., and Whitman, J., concur.*