## 51975. ELAM v. THE STATE.

Webb, Judge.

H. G. Elam was charged with wilfully and voluntarily abandoning his minor children, leaving them in a dependent condition. Code § 74-9902. His ex-wife, the prosecutrix, states in her affidavit to support the accusation that the abandonment occurred on October 22, 1975. She testified at trial that in March, 1975, she and the children were evicted from their apartment "due to his not sending the money" and that he made only sporadic support payments between March and October. The trial court, sitting without a jury, found Elam guilty, sentenced him to twelve months confinement, and suspended the sentence on condition that he pay $30 per week through the adult probation office for the support of his children.

We reverse on the ground that the evidence was insufficient to support the verdict and judgment of conviction. In the first place the trial court refused to allow in evidence the child support agreement entered into in connection with the parties' divorce. More importantly, however, even if we assume that the payments were not made in accordance with the decree, Code § 74-9902 requires that the abandonment be done "wilfully and voluntarily." While the trial court erroneously ruled out some of defendant's evidence as to his financial condition which tended to negate the element of wilfulness, it is nevertheless clear that in 1974 he paid some $17,000; that late in 1974 and early in 1975 his steel-erecting business failed, leaving outstanding some $2,400 owed to Internal Revenue Service and $8,000 owed to the state in withholding taxes, and some $8,000 owed for "welfare benefits for union employees"; that subsequently he worked for another steel-erecting company, but that company was in financial trouble and did not pay him; that he found a job to subcontract but was injured at work and rendered unable to supervise the

inexperienced personnel, with the result that he only made $1,400 on this job; that he was unemployed, had made unsuccessful efforts to find work, was ineligible for unemployment compensation, unable to pay his rent, had no car and only $3 in his checking account, owned no furniture except a high-backed chair and a desk and had earned only $2,000 in 1975, of which he had paid $1,500 to to his ex-wife as child support. This evidence will not support a finding of wilful and voluntary abandonment, and the judgment must be reversed.

*Judgment reversed. Deen, P. J., and Quillian, J., concur.*

SUBMITTED APRIL 12, 1976 — DECIDED APRIL 22, 1976.

*Paul S. Weiner,* for appellant.
*Hinson McAuliffe, Solicitor, Frank A. Bowers, James L. Webb, Assistant Solicitors,* for appellee.