## 56402. HAGSTROM v. SMITH.

DEEN, Presiding Judge.
 This appeal is from an order requiring payment of child support in a case filed under the Uniform Reciprocal Support Act. It appears that the original divorce was obtained in Georgia; that the wife remarried and moved to Texas; that the husband became angered over a failure to comply with visitation rights and stopped payment of support money, at the same time filing a Texas action for modification of visitation rights; that the wife then countersued to have the husband held in contempt for nonpayment of support, and the Texas court then entered an order which both canceled all visitation rights and doubled the support payments (from $150 to $300 per month for the two children).
 In the Georgia action the trial court decried the action of the Texas court canceling visitation rights and termed the action unprecedented, but held that this would not justify the court in condoning a failure to support. He did, however, modify the order, setting total support payments at $250 per month, based on evidence that the husband earned around $30,000 per year.
 The husband's appeal contends that it is inequitable to deny him all visitation privileges and still require that he pay child support. The legality of the judgment regarding visitation rights is unfortunately not involved

here. "Neither visitation privileges nor alimony should be conditioned upon compliance with the other." *Griffin v. Griffin,* 226 Ga. 781 (3) (177 SE2d 696) (1970). See also *Thibadeau v. Thibadeau,* 133 Ga. App. 154 (3) (210 SE2d 340) (1974) and *Price v. Dawkins,* 242 Ga. 41 (1978). The withholding of visitation rights constitutes no defense in an action seeking payment of child support under a valid court order.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 12, 1978 — DECIDED OCTOBER 18, 1978 — REHEARING DENIED NOVEMBER 7, 1978.

*G. Hughel Harrison,* for appellant.

*W. Bryant Huff, District Attorney, Dawson Jackson, Malcom C. McArthur, William P. Rowe, III, Assistant District Attorneys,* for appellee.