## 61103. RODGERS et al. v. DEPARTMENT OF HUMAN RESOURCES.

DEEN, Presiding Judge.

1. This is an appeal from a judgment of the trial court finding the Rodgers infant, who was 2-1/2 months old at the time this petition was filed, grossly abused and without proper parental supervision, and awarding custody to the Floyd County Department of Family and Children Services (DFCS). Under Code § 24A-2701 (c) such custody is temporary and may continue in force for as long as two years. It may, however, be terminated prior to this time, with or without application of any party, if it appears to the court that the purposes of the order have been accomplished. Code § 24A-2701 (d). This appeal contends that the order was erroneous because the court failed to make a determination of the permanency of the conditions of deprivation (the court's decision, of course, is based on a finding of deprivation because of the abuse). Code §§ 24A-2201, 24A-2301. Such a finding, under Code § 24A-3201, would have resulted in a termination of parental rights if the court further found that the conditions are likely to continue without remedy and with resulting serious harm to the child. This he quite properly declined to do.

The removal of custody of the child from the parents is a determination that, for whatever length of time custody is exercised by the DFCS, this right has been suspended, although not finally terminated. The order was within the jurisdiction of the trial court and is not contestable on the ground that there was no specific statement that the parental rights were terminated.

2. The expert testimony in this case is that three criteria of physical child abuse are: there are multiple injuries; the injuries are located on multiple body sites, and they have been inflicted at various times. X-ray examination showed that as a result of apparent, twisting motions there were chip fractures of the infant's right elbow and knee, healing fractures of three ribs, and other fractures in various stages of healing in seven other bones of the arms and legs. Opinion testimony ruled out any cause of these injuries except assault by a human being. The apparent age and quality of the

injuries also indicated that they had been inflicted at various times. Evidence was offered by both parents, a babysitter, and various neighbors without pointing a finger of guilt at any particular person. The young mother satisfactorily passed a polygraph test.

The father, who also assumed a part of the care of the infant, had recently suffered spinal surgery following a work connected injury and was on medication. Under all of the circumstances of this case a finding that the child had been grossly abused was demanded. Although the mystery of causation was never satisfactorily unraveled the decision to temporarily remove the infant, aged five months at the time of the decision, was not an abuse of discretion.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 28, 1981.

*James C. Wyatt,* for appellants.

*Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General, Robert Evans, Special Assistant Attorney General,* for appellee.