### 62591. DeLOACH v. FLOYD et al.
### 62724. DeLOACH v. DOWNING et al.

SHULMAN, Presiding Judge.

James Holmes, a 12-year-old retarded child in the temporary custody of the Chatham County Department of Family and Children Services, was stabbed in the head by a classmate. He was treated at Memorial Medical Center by Drs. Downing, Haddad and Mc-Reynolds, and died in that hospital on March 7, 1977. Fourteen months later, appellant was appointed administratrix of the decedent's estate and guardian of his two surviving brothers. Appellant then filed a wrongful death action (Case No. 62724) for $10,000,000 against appellees (the doctors and the Chatham County Hospital Authority). As that suit progressed, appellees questioned whether appellant had the capacity to bring the wrongful death action in light of evidence that the decedent's father, James Floyd, was alive. Seeking a determination by the trial court that James Floyd had lost all parental rights and powers with regard to the decedent, appellant brought a declaratory judgment action (Case No. 62591) against Floyd in February 1980. Floyd allowed that action to go into default. When appellees (other than Floyd) became aware of the declaratory judgment action in May 1980, they moved to intervene, to open the default, and to dismiss the action. After allowing appellees to intervene, the trial court consolidated the two actions, granted appellees' motions for summary judgment in the wrongful death action, denied appellant's motion for summary judgment in the declaratory judgment action, and granted appellees' motion to dismiss the declaratory judgment action. Appellant now brings this appeal, urging as error the trial court's grant of summary judgment to appellees in Case No. 62724, its grant of appellees' motion to intervene in Case No. 62591, and its denial of summary judgment to appellant in Case No. 62591.

1. The trial court based its grant of summary judgment to appellees in Case No. 62724 on the ground that appellant was not the proper party to bring the wrongful death action. The trial court was correct, and we affirm its ruling.

The decedent, James Holmes, was born out of wedlock to Dorothy Holmes. The evidence shows that Ms. Holmes and the child's putative father, James Floyd, were subsequently married, and that Floyd recognized the child as his. It is undisputed that the child's mother predeceased him. What is in dispute is whether the surviving father has the sole right to bring an action for the wrongful death of his son.

In March 1977, when the child died, Georgia law provided that "[a] mother, or, if no mother, a father, may recover for the homicide of a child, minor or sui juris, unless said child shall leave a wife, husband or child. The mother or father shall be entitled to recover the full value of the life of such child. In suits by the mother the illegitimacy of the child shall be no bar to a recovery." Code Ann. § 105-1307. Because wrongful death is a statutory cause of action in derogation of common law, it must be strictly construed. *Bloodworth v. Jones,* 191 Ga. 193, 194 (11 SE2d 658). With that tenet in mind, we must concur with the trial court's ruling that appellant was not the proper party to bring the wrongful death action, since the decedent's father survived him.

2. Appellant maintains that the 1977 version of Code Ann. § 105-1309 is applicable to the present case. That section provided that "[i]n cases where there is no person entitled to sue under the foregoing provisions of this Chapter, the administrator or executor of the decedent may sue for and recover and hold the amount recovered for the benefit of the next of kin. In any such case the amount of the recovery shall be the full value of the life of the decedent." Ga. L. 1969, p. 763. It is appellant's position that, the decedent's surviving brothers having been abandoned by their father, she, as their legal guardian, is the only person in a position to protect their interests as the decedent's next of kin. However, this Code section is not applicable since there is a person, the decedent's father, entitled to recover for the wrongful death of the child under the provisions of Code Ann. § 105-1307.

3. Appellant further bolsters her argument that she, as administratrix, is the proper party to bring the wrongful death action by stating that the Chatham County Juvenile Court terminated James Floyd's parental rights pursuant to Code Ann. § 24A-3201 (4)(b). We must first point out that no such section exists in the Georgia Code and assume that appellant is traveling under Code Ann. § 24A-3201 (b), which states that if a court does not issue an order terminating parental rights for any of the conditions stated in § 24A-3201 (a), it may grant such an order if the court finds the child to be deprived under the provisions of § 24A-2301. While the juvenile court, in its orders of January 25, 1974, and February 10, 1977, found

the decedent to be a deprived child, it did not terminate the parental rights of James Floyd in any of its orders. Instead, temporary custody of James Holmes was given the Chatham County Department of Family and Children Services under Code Ann. § 24A-2301 (a) (2) (iii).

Appellant cites *Rodgers v. Dept. of Human Resources,* 157 Ga. App. 235 (276 SE2d 902), to give credence to her argument that James Floyd's parental rights were terminated. In actuality, that case does more harm than good to appellant's position. There, the juvenile court issued an order giving temporary custody of a child to the Floyd County Department of Family and Children Services. On appeal, this court noted that the removal of a child from the custody of the parents suspends the parental rights, *but does not terminate them.* It cannot be emphasized enough that the parental rights of James Floyd in regard to his son, the decedent, were never terminated.

4. Appellant asserts that the trial court erred in granting summary judgment to appellees in light of appellees' alleged failure to raise the issue of appellant's capacity to sue by specific negative averment. See Code Ann. § 81A-109 (a). In their individual answers, Dr. Downing and the Chatham County Hospital Authority averred that each was without sufficient knowledge upon which to form a belief as to whether appellant was a proper party to the suit. While such a response normally has the effect of a denial under Code Ann. § 81A-108 (b), it does not constitute a "specific negative averment, which shall include such supporting particulars as are peculiarly with the pleader's knowledge." Code Ann. § 81A-109 (a); *Boxwood Corp. v. Berry,* 144 Ga. App. 351 (3) (241 SE2d 297). However, both Dr. Downing and the Chatham County Hospital Authority, prior to the grant of summary judgment to appellees, amended their answers to include an averment that appellant was not a proper plaintiff and lacked the legal capacity to sue for the wrongful death of the decedent. Because the issue of capacity to sue was raised by these appellees before judgment, there was no waiver of the issue. *Prince & Paul v. Don Mitchell's WLAQ, Inc.,* 127 Ga. App. 502 (1) (194 SE2d 269).

5. Nor did Drs. Haddad and McReynolds, the remaining appellees, waive their objection to appellant's capacity to bring the lawsuit. Both doctors filed motions to dismiss the complaint on the ground, inter alia, that appellant did not have the legal capacity to bring the action. Each doctor then filed an answer which stated it was subject to the motions filed and in which he averred that he did not have sufficient knowledge upon which to form a belief as to appellant's capacity to sue. Neither doctor amended his answer to add a specific negative averment to raise the issue of capacity to sue.

However, we construe appellees' motions to dismiss as having been, in effect, an attempt by each to amend his answer to raise the issue of capacity. *Patterson v. Duron Paints of Ga.,* 144 Ga. App. 123 (1a) (240 SE2d 603). Thus, the issue of appellant's capacity to bring this lawsuit was timely raised by each appellee and waived by none.

6. Turning to the declaratory judgment action, appellant maintains that the trial court erroneously granted appellees' motions to intervene. Under Code Ann. § 81A-124 (a) (2), anyone may intervene as a matter of right if he can establish interest, potential impairment and inadequate representation. *DeKalb County v. Post Properties, Inc.,* 245 Ga. 214 (2) (263 SE2d 905). Furthermore, a trial court may allow intervention where the applicants' defense and the main action have a common legal or factual question. Code Ann. § 81A-124 (b) (2). The trial court found the requirements of both Code Ann. § 81A-124 (a) (2) and § 81A-124 (b) (2) to have been met and allowed the intervention. We agree. Appellant's argument that appellees are collaterally attacking an order of the probate court and are without standing to do so is completely devoid of merit.

7. In her final enumeration of error, appellant asserts that she was entitled to summary judgment in the declaratory judgment action since the defendant in that action, James Floyd, was in default, and that therefore the trial court erred when it denied her motion. Appellant's position is premised on the erroneous belief that appellees had no right to intervene. Although James Floyd was in default in the declaratory judgment action, the appellees-intervenors filed motions to open that default within the 15 days allowed by Code Ann. § 81A-155 (a), which motions were granted by the trial court. In light of the legal issues then presented to the trial court by appellees and dealt with by this court in Divisions 1-5 of this opinion, the trial court was correct in denying appellant's motion for summary judgment in Case No. 62591.

*Judgments affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED NOVEMBER 25, 1981 —
REHEARING DENIED DECEMBER 15, 1981.

*Milton M. Moore, Jr., James H. Moss,* for appellants (case nos. 62591, 62724).

*Ward Newton, David R. Smith, Michael J. Gannam, William Franklin, Arnold Young, Luhr Beckmann, Joseph Bergen,* for appellees (case nos. 62591, 62724).