## 63823. THRASHER v. GLYNN COUNTY DEPARTMENT OF FAMILY AND CHILDREN SERVICES.

SOGNIER, Judge.

Michael Thrasher appeals an order of the Glynn County Juvenile Court terminating his parental rights to his daughter.

Appellant contends that the trial court erred in concluding that he had abandoned the child under Code Ann. § 24A-3201(a)(1). The trial court found as a matter of fact that the minor child was illegitimate and that appellant had never legitimated the child; that appellant had not seen the child since October 1976 when she was a few months old; that appellant had made only sporadic attempts to contact the mother and inquire as to the welfare of the child; that the child's mother did not know his whereabouts; that in March of 1980 appellant learned that the child was in the custody of appellee and that the mother's parental rights had been terminated. The trial judge also found that the child had been in the custody of the Department of Family and Children Services since 1977, and that the maternal grandmother with whom the mother had lived when the child was born and who was known to appellant had knowledge of the child's whereabouts but that appellant had never attempted to contact the grandmother or anyone else to attempt to locate the child. The trial court found that except for a brief period immediately following the child's birth, there was no evidence that appellant had ever lived with the child, contributed to her support, or attempted to legitimate the child. Appellant contends that he attempted to locate the mother of the child, but that she kept moving around. He also argues that the Department of Family and Children Services made no attempt to locate him when the child was taken into custody in 1977.

In order to find an abandonment, there must be sufficient evidence of an actual desertion, accompanied by an intention to sever entirely, so far as possible to do so, the parental relation, throw off all obligations growing out of the same, and forego all parental duties and claims. *Wheeler v. Little,* 113 Ga. App. 106, 109 (147 SE2d 352) (1966). While we recognize that the facts in an abandonment case must be construed in the parent's favor and against the abandonment, *Meyers v. State,* 124 Ga. App. 146, 148 (183 SE2d 42) (1971), it is clear from the facts of this case that appellant demonstrated no attempt to legitimate the child, establish any familial relationship with the child, or contribute in any way to the support of the child. While appellant sought to demonstrate his interest in the child by his recent effort to locate her, the above evidence is sufficient to show abandonment on his part and to authorize the termination of parental rights. *Milford v. Maxwell,* 140

Ga. App. 85 (230 SE2d 93) (1976).

Code Ann. § 74-406 provides for notice to a putative father in an adoption proceeding. While we recognize that the instant case was brought under Code Ann. § 24A-3201, we think it important to note that under the adoption statute, the rights of the putative father are protected; however, "[t]he court shall enter an order terminating the rights of the putative father if the court finds from the evidence that reasonable effort has been made to identify and locate him without success, and if it finds that he has not lived with the child, nor contributed to its support, nor made any attempt to legitimate such child, and that he did not provide support for the mother (including medical care) either during her pregnancy or during her hospitalization for the birth of the child." Code Ann. § 74-406(b)(1). See also *Hinkins v. Francis,* 154 Ga. App. 716 (270 SE2d 33) (1980). In the instant case the trial court found that reasonable efforts were made to locate appellant and that no familial bond was ever established between appellant and the child. Under the circumstances, it was not error to terminate appellant's parental rights.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 24, 1982.

*Lloyd E. Thompson, Jr.,* for appellant.

*Terry Readdick, H. Perry Michael, Senior Assistant Attorney General, Vivian Davidson Egan, Carol Atha Cosgrove, Assistant Attorneys General,* for appellee.