## 66191. JOHNSON v. STATE OF GEORGIA.

SHULMAN, Chief Judge.

In June 1977, pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA) (OCGA § 19-11-40 et seq. (Code Ann. § 99-901a et seq.)), the trial court entered an order which required appellant to pay a certain sum weekly for the support of his minor daughter. Thereafter, appellant made irregular payments. Subsequently, appellant was found in contempt of court for his willful failure to comply with the June 1977 support order. Appellant now argues that his motion for judgment on the pleadings filed in the contempt action should have been granted because the child he had been ordered to support had become an adult prior to the institution of the contempt proceeding.

Appellant maintains that OCGA § 19-11-43 (Code Ann. § 99-903a) strips the state of its authority to pursue a parent for nonsupport of a child who has reached the age of 18. While the parent would not be liable to pay for the support of his child once that child becomes 18 (unless the child is unable to maintain himself and is likely to become a public charge) (OCGA § 19-11-43 (2) (Code Ann. § 99-903a)), the parent is responsible for arrearages. OCGA § 19-11-51 (Code Ann. § 99-909a). Thus, an action to collect arrearages which accrued while the child was under 18 could be filed even though the child on whose behalf the action is brought is legally an adult at the time of the action. Furthermore, in order "to assure compliance with its orders," a trial court is empowered under URESA to "punish the respondent who violates any order of the court to the same extent as provided by law for contempt of the court . . ." OCGA § 19-11-65 (3) (Code Ann. § 99-922a). There was an outstanding court order

requiring appellant to pay weekly sums for the support of his minor child and appellant had refused to comply with that order while the child was a minor. The fact that the child reached majority did not divest the trial court of its power to assure compliance with its previously entered order. It was not error to deny appellant's motion for judgment on the pleadings.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JULY 15, 1983.

*William G. Posey,* for appellant.

*William A. Foster III, District Attorney, Penny J. Udolf, Assistant District Attorney,* for appellee.