### 66610. COLEMAN v. BURNETT et al.

SOGNIER, Judge.

This garnishment action arose from appellant's failure to pay child support as required by a divorce decree and judgment entered originally in the Superior Court of Crisp County on May 4, 1967. The garnishment was filed in the Superior Court of Bibb County on January 19, 1983 and was traversed by appellant on February 2, 1983. After a hearing on February 8, 1983 the trial court reserved ruling on the traverse. On February 10, 1983 appellant filed an action in Crisp County Superior Court seeking injunctive relief from further civil actions by appellee, alleging that his failure to pay child support was based on appellee's failure to allow visitation rights; appellant also sought an accounting of sums paid.

On February 17, 1983 the garnishment trial court denied appellant's traverse and held that his suit in Crisp County alleging denial of visitation rights did not challenge the judgment on which the garnishment was based, nor did it constitute an equitable attack on such judgment. Thus, the trial court concluded that appellant's suit in Crisp County raised no defense to an action for child support due under a valid court order. Further, the trial court found that dormancy as to one or more of the child support payments due under the divorce decree was not an issue, since the statute of limitation is an affirmative defense and was not raised in appellant's traverse. Appellant contends the conclusions of the trial court were erroneous and appeals. We agree with the trial court and affirm.

1. The crux of appellant's suit in Crisp County was the denial of his visitation rights. He did not attack the judgment itself and raised no valid defense to an action seeking payment of child support pursuant to a court order. Denial of visitation rights does not justify nonpayment of support money. *Hagstrom v. Smith,* 148 Ga. App. 18,

19 (251 SE2d 27) (1978); *Griffin v. Griffin,* 226 Ga. 781, 783 (3) (177 SE2d 696) (1970).

2. Appellant next contends that the amount in controversy was limited by the statute of limitation to $15 per week for seven years. However, appellant's traverse to the garnishment stated only that "plaintiff's affidavit . . . is untrue or legally insufficient." The traverse was not amended and did not raise the statute of limitation as a defense to the judgment or any part thereof. Such a defense must be set forth affirmatively in pleading to a preceding pleading, OCGA § 9-11-8 (c) (Code Ann. § 81A-108), and appellant's failure to do so constituted a waiver of the issue of dormancy. *Wood v. Wood,* 239 Ga. 120, 121 (6) (236 SE2d 68) (1977). Although appellant argues that he raised this defense orally at the hearing on his traverse, we have no transcript of the hearing. Such argument is not evidence and we will not consider it. *Lester v. Crooms, Inc.,* 157 Ga. App. 377, 379 (277 SE2d 751) (1981).

3. Appellant contends it was error to allow appellee to amend her garnishment affidavit only two days before judgment, and after all evidence had been presented. The only amendments were to correct the case number for the divorce judgment and to reduce the amount of child support in arrears to a correct amount stipulated to by appellant. Although appellant cites no authority in support of this enumeration it is without merit, as a garnishment affidavit may be amended at any time before judgment. OCGA § 18-4-3 (Code Ann. § 46-602); *Whitley v. Jackson,* 34 Ga. App. 286, 287 (129 SE 662) (1925).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

Decided November 30, 1983 —
Rehearing denied December 15, 1983 — ▮▮▮▮▮▮▮▮

*James E. Turk,* for appellant.
*Bruce M. Hofstadter,* for appellees.