### 68894. RAMOS v. RAMOS.
(325 SE2d 415)

POPE, Judge.

The parties to this appeal were divorced in Gwinnett County Superior Court on July 22, 1980. The decree incorporated a separation agreement which provided in pertinent part that permanent custody of the parties' minor child, Lisa, would be in the wife, appellant herein, with the husband-appellee having the right to specified visitation. Appellee also agreed to pay appellant child support for Lisa in the amount of $50 per week until the sale of the marital home and thereafter $100 per week until the child reached eighteen years of age, married or became self-supporting. Additionally, appellee agreed to pay the child's medical, dental and hospitalization expenses. According to the agreement, child support payments were to be made through the Support Division of Gwinnett County Superior Court.

At the time of the divorce, Lisa was about ten years old. On January 16, 1983 she was killed in an automobile accident for which the driver of the other vehicle acknowledged liability. A wrongful death settlement was entered into and both parents alleged a right to participate in the proceeds. Appellant filed an action for declaratory judgment asserting that appellee wilfully failed to support the child and, thus, is precluded from participation in the proceeds of the wrongful death settlement. The parties stipulated that certain submitted issues be decided by the trial judge based upon briefs, pleadings and other stipulations. In an exhaustive decision, the order of the trial court concluded that "both parents shall have [the] right to recover for the wrongful death of their minor child, with the mother having [the] right to claim payment of past due but unpaid child support from the father's share of the proceeds or from any other asset he may have."

Appellant's enumerations of error essentially revolve around the central question of whether a parent may lose the right to share in the proceeds of a wrongful death action for the homicide of his or her minor child through the parent's failure to support the child. Further, if the right may be lost at all, must abandonment or termination of the non-supporting parent's rights have been adjudicated prior to the

death of the child in order to show a forfeiture of the parent's right to share in the wrongful death proceeds? The trial court ruled that the forfeiture of the non-supporting parent's right to recover proceeds from the minor child's wrongful death requires an adjudication of abandonment or termination of parental rights prior to the child's death and that these issues are rendered moot upon the child's death.

1. The prima facie right to recover for the wrongful death of a child who leaves neither spouse nor child undoubtedly belongs to both parents even where those parents are divorced. OCGA § 19-7-1 (c) provides in pertinent part: "(1) In every case of the homicide of a child, minor or sui juris, there shall be some party entitled to recover the full value of the life of the child . . . (2) If the deceased child does not leave a spouse or child, the right of recovery shall be in the parent or parents, if any, given such a right by this paragraph." Subsection (c) applies to the facts presented in this appeal: "*If both parents are living but are divorced*, separated, or living apart, *the right shall be in both parents.*" (Emphasis supplied.) See *Atkinson v. Atkinson*, 249 Ga. 247 (290 SE2d 423) (1982). The same statute, OCGA § 19-7-1 (c) (2) (C) further explains that the proceeds from such recovery shall be "divided between the parents" and speaks in terms of their "share[s]."

2. Appellant poses the broad question of whether a parent may forfeit the right to recover this share by non-support during the lifetime of the child other than by prior adjudication of such forfeiture of parental rights. From the Supreme Court's recent opinion in *Sapp v. Solomon*, 252 Ga. 532 (314 SE2d 878) (1984), rev'g in part *Solomon v. Sapp*, 169 Ga. App. 267 (312 SE2d 166) (1983), it appears that in at least one instance such right may be so forfeited. *Sapp*, however, involved recovery for the wrongful death of a twelve-year-old child born out of wedlock and the putative father's subsequent claim to share in the proceeds. The father had never resided with nor attempted to legitimate the child. Although the mother asserted that he had never contributed to the support of the child, his affidavit contained statements to the contrary. Upon these facts, the Supreme Court addressed "the issue as to whether a father's right to participate in a recovery for the wrongful death of such a child is defeated by a failure to support the child." Id. The Court applied principles regarding the effect of abandonment, particularly those relative to the termination of the *putative father's* parental rights on grounds constituting abandonment. See OCGA § 19-8-7 (b). The Court then held "that in order for a biological father to participate in a recovery based upon the wrongful death of his child *born out of wedlock*, he must have provided, *during the lifetime of the child*, such financial support as shall have been reasonable under the facts and circumstances of the case, bearing in mind the needs of the child and the ability of the father to

pay. [Cit.] *If such a father* should establish that he had provided support according to this standard, then he would be entitled to one-half of any recovery for the wrongful death of such a child. If he should fail to do so, then he would be entitled to nothing." (Emphasis supplied.) Id. at 532-533.

Insofar as the trial court's order is based upon the principle that the parent's right of recovery can never be defeated by a showing of non-support and that the death of the child negates inquiry into such alleged failure to support, it is in error. As shown in *Sapp v. Solomon*, supra, a putative father's right to recover may be so forfeited.[1] In spite of any error in the broad interpretation of the law underlying the trial court's ultimate decision, and even applying the standard established in *Sapp*, we hold that in the present case appellee did not forfeit his right to share equally with appellant in the proceeds constituting the recovery for the wrongful death of his child.

There is no dispute that appellee provided support for his daughter until the July 1980 divorce. The record reveals that appellee had failed to regularly support the child according to the divorce decree. He had, however, been fairly consistent until March 1982 when he was discharged from his employment. Appellee presented evidence by affidavit to show that such discharge was caused at least in part by the constant on-the-job telephone harassment by appellant upon appellee and others in his office. Appellee lost his car in the summer of 1982 and was forced to live with friends. He moved to Florida and became employed there in June 1982; however, medical problems forced his resignation in August 1982. During 1981 and 1982, appellee suffered from medical and emotional problems culminating in his hospitalization for a nervous breakdown in August 1982. He was on his Florida employer's disabled list until December 1982. Returning to Atlanta in late 1982, he found employment and, in January 1983 prior to the death of his daughter, began to make support payments again. Further affidavit evidence was adduced to show that appellant had withheld visitation rights from him beginning soon after the divorce. In 1981 appellant refused to cooperate with his attempt to obtain counseling for them through the Gwinnett County Mental Health Department to resolve the problem of visitation. Appellant changed her telephone number to an unpublished one and refused to provide it to appellee. Appellee sent flowers, cards and presents to his daughter using his sister as intermediary. Appellee also assisted appellant in making funeral arrangements for their child.

There is no question that "[d]enial of visitation rights does not

---

[1] The trial court's order was entered March 21, 1984, prior to the Supreme Court's April 24, 1984 opinion in *Sapp v. Solomon*, supra.

justify nonpayment of support money. [Cits.]" *Coleman v. Burnett*, 169 Ga. App. 297 (312 SE2d 627) (1983). However, abandonment of a child sufficient to subject appellee to criminal penalties pursuant to OCGA § 19-10-1 (b) requires that the abandonment be done "willfully and voluntarily." While appellee's evidence as to his inability to pay due to his financial condition does not excuse his nonpayment of support from March to December 1982, it substantially negates the willful and voluntary elements necessary to prove the crime of abandonment. See *Elam v. State*, 138 Ga. App. 432 (226 SE2d 290) (1976).

Further, appellee's failure to comply fully with the divorce decree does not reach the "clear and convincing" standard of evidence necessary to show abandonment for purposes of terminating his parental rights under OCGA § 15-11-51 (a) (1). See also *Blackburn v. Blackburn*, 249 Ga. 689 (292 SE2d 821) (1982). "In order to find an abandonment, there must be sufficient evidence of an actual desertion, accompanied by an intention to sever entirely, so far as possible to do so, the parental relation, throw off all obligations growing out of the same, and forego all parental duties and claims. [Cit.]" *Thrasher v. Glynn County Dept. of Family &c. Services*, 162 Ga. App. 702 (293 SE2d 6) (1982). Nor do we find appellee's conduct sufficiently remiss so as to meet the abandonment standard for adoption (see *Spires v. Bittick*, 171 Ga. App. 914 (321 SE2d 407) (1984)) or even the "close relative" standard requiring less scrutiny set forth in OCGA § 19-8-6 (b).

For the reasons advanced above, the trial court correctly ruled that appellee had not forfeited his statutory right to share in the recovery for the wrongful death of his daughter. Appellant also has the right to recover her share of the wrongful death recovery, as well as the claim against appellee for payment of child support arrearages. See generally *Johnson v. State of Georgia*, 167 Ga. App. 508 (306 SE2d 756) (1983). " 'It is well-settled law that a correct judgment will be affirmed, although the judge may have based it on the wrong grounds or given the wrong reasons for it.' [Cit.]" *Turner v. Wood*, 162 Ga. App. 674, 676 (292 SE2d 558) (1982).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 20, 1984 —
REHEARING DENIED DECEMBER 10, 1984 —

*Hill R. Jordan*, for appellant.
*Jeffrey R. Sliz*, for appellee.