71662. CREWS v. THE STATE.
(343 SE2d 428)

BENHAM, Judge.

Appellant's conviction for abandonment of his minor children (OCGA § 19-10-1) must be reversed for the same reason given for re-

versal in *Elam v. State*, 138 Ga. App. 432 (226 SE2d 290) (1976): the evidence is insufficient to support the verdict and judgment.

The evidence at trial showed that appellant became ill prior to the time his wife divorced him and that he had been unable to work regularly since becoming ill. Although appellant's former wife testified at length to her conclusions concerning appellant's continued unemployment, the only factual testimony on the issue came from appellant. His testimony concerning the severity of the condition which had caused him to become unemployed in the first place was bolstered by the testimony of the doctor who was called as a rebuttal witness by the State. The sum of the evidence was that appellant had not contributed to the support of his children because he was unable to do so and because he believed he had no obligation to do so since the divorce decree had specifically relieved him of such obligation due to his illness. While that decree would not operate as a full defense (*Williamson v. State*, 138 Ga. App. 306 (5) (226 SE2d 102) (1976)), it is evidence that appellant's failure to support was not done "willfully and voluntarily" as the statute requires. When coupled with the factually uncontradicted evidence of appellant's inability to support even himself, it cannot be said that the evidence would authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of "willfully and voluntarily" abandoning his children. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Elam*, supra.

Having reversed appellant's conviction because of insufficiency of evidence, we find it unnecessary to address appellant's remaining enumerations of error.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED MARCH 21, 1986.

*G. Samuel Burnette, Michael D. DeVane*, for appellant.
*J. Kenneth Royal, Solicitor*, for appellee.