517 So.2d 787 (1988)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, On Behalf of Rosemary J. BACHTAL, Appellant,
v.
Lyman H. BACHTAL, Appellee.
No. 87-1178.
District Court of Appeal of Florida, Second District.
January 8, 1988.
Charles L. Carlton and Sheryl D. Snodgrass of Carlton & Carlton, P.A., Lakeland, for appellant.
John P. Fleck, Jr., Bradenton, for appellee.
FRANK, Judge.
The appellant, the Office of Child Support Enforcement of the Department of Health and Rehabilitative Services, on behalf of Rosemary Bachtal, sued her ex-husband for contempt after the husband had failed to pay child support arrearages in a sum exceeding $22,000. HRS had filed a petition for past due amounts pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA) at a time when the appellee's child had reached the age of eighteen years. From the time of the divorce until the child had reached eighteen the State of Michigan, the residence of the ex-wife, had provided public assistance for the children, and over $20,000 of the arrearages owed by appellee were due to the State of Michigan. HRS and appellee entered into a court-approved stipulation providing (1) that the appellee was in arrears in the amount of $22,643 as of April 24, 1986; (2) that appellee would pay $15 per week through the clerk of the court of *788 Manatee County until the arrears were paid in full; and (3) that an income deduction order would become effective upon appellee's delinquency.
When the appellee failed to pay as agreed HRS filed a motion and notice for contempt, and the trial court found the appellee in contempt and entered judgment against him in the amount due to the State of Michigan and to his ex-wife. Upon the filing of appellee's motion for rehearing, however, the court set aside the contempt order and judgment and dismissed the petition on the ground that URESA is not an appropriate vehicle to collect child support arrearages after the children are emancipated. We reverse.
At the time the trial court rendered its order the Third and First District Courts of Appeal had issued conflicting decisions concerning the right of a parent of an emancipated minor to sue under URESA for past due installments of the non-custodial parent's support obligation. State ex rel. Sipe v. Sipe, 492 So.2d 679 (Fla. 1st DCA 1986); Massey v. Massey, 443 So.2d 294 (Fla. 3d DCA 1983). The better view, expressed by the Massey court and followed in other states, allowed maintenance of such a suit pursuant to URESA. See, e.g., Johnson v. State, 167 Ga. App. 508, 306 S.E.2d 756 (1983); Ackerman v. Yanoscik, 601 S.W.2d 72 (Tex. App. 1980); Dorsey v. Dorsey, 42 Ill.Dec. 124, 86 Ill. App.3d 1043, 408 N.E.2d 502 (1980). These courts have determined that URESA's purpose is to simplify interstate enforcement of child support obligations, sums for which the parent remains responsible even though the child may have reached the age of majority. Furthermore, our legislature has spoken directly to this problem, expressing its intent in a recent amendment to section 88.012, Florida Statutes, that URESA "is an appropriate statute under which to collect child support arrearages after the child is no longer dependent." 1987 Fla. Sess. Law Serv. Ch. 87-95, § 6 (West). The amendment insures implementation of the general legislative intent, apparent even before the statutory revision, to relieve the inequitable burden borne by the custodial parent or the general public through assistance programs. § 88.012, Fla. Stat.
Accordingly, we reverse the "Order Setting Aside the Order on Motion for Contempt and Judgment Dated February 24, 1987 and Dismissing This Cause" and remand this matter to the trial court for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and HALL, J., concur.