A90A1054, A90A1055. DOVE v. CARVER; and vice versa.

(399 SE2d 216)

COOPER, Judge.

This appeal and cross-appeal arise out of an order apportioning the proceeds from the settlement of a wrongful death action.

Appellant and appellee/cross-appellant were married in 1970 and a daughter and son were born to them in 1971 and 1973, respectively. In 1974, appellant and appellee were divorced and the court entered an order giving custody of the minor children to appellee and ordering appellant to pay child support in the amount of $30 per month for each child. In April 1987, their daughter died and appellee brought a wrongful death action alleging malpractice on the part of one of the daughter's physicians. Subsequently, appellee agreed to a settlement of the lawsuit and appellant was added as a party-plaintiff. Because appellant and appellee could not agree on how the proceeds of the settlement were to be divided, a hearing was held to determine the distribution of the proceeds. At the hearing, appellant argued that he was entitled to 50 percent of the proceeds from the wrongful death action, while appellee contended that appellant was not entitled to any of the proceeds because of his failure to support the child. The trial court found that appellant paid only $300 as child support from the time of the divorce through July 1987, at which time a consent judgment was entered into against appellant in the amount of $8,720 for past due child support; that appellant regularly exercised his visitation rights with his daughter, including buying occasional gifts and other necessary items for her; and that appellant did not forfeit his parental rights to his daughter. The trial court, after determining that certain expenses, including the amount of the consent judgment, should be deducted from the proceeds and paid directly to appellee, ordered that the remaining proceeds be divided into 16 equal parts and apportioned to appellant and appellee as follows: 50 percent to each for the years 1971-1975 and 1985-1987; and 90 percent to appellee and 10 percent to appellant for the years 1975-1985. In the main appeal (case no. A90A1054), appellant contends that the trial court erred in reducing his recovery to 10 percent for the years of 1975-1985, and in the cross-appeal (case no. A90A1055), appellee contends that appellant was not entitled to any share of the proceeds of the settlement.

## Case No. A90A1054

"The prima facie right to recover for the wrongful death of a child who leaves neither spouse nor child undoubtedly belongs to both parents even where those parents are divorced." *Ramos v. Ramos*, 173 Ga. App. 30 (1) (325 SE2d 415) (1984). "If the parents are living together and not divorced, the right shall be in the parents *jointly.*" (Emphasis supplied.) OCGA § 19-7-1 (c) (2) (A). OCGA § 19-7-1 (c) (2) (C), which governs the recovery for the wrongful death of a child when the parents of the child are divorced and living apart, provides: "If both parents are living but are divorced, separated, or living apart, the right shall be in both parents. However, if the parents are divorced, separated, or living apart and one parent refuses to proceed or cannot be located to proceed to recover for the wrongful death of a child, the other parent shall have the right to contract for representation on behalf of both parents, thereby binding both parents, and the right to proceed on behalf of both parents to recover for the homicide of the child *with any ultimate recovery to be shared by the parents as if they were not separated or living apart.*" (Emphasis supplied.) The same statute further explains that the proceeds from such recovery shall be "divided between the parents." Although concluding that the case was governed by OCGA § 19-7-1 (c) (2) (C) as it existed prior to the 1987 amendment, the trial court found that the statute did not require it to divide the proceeds from the settlement into equal shares. We disagree and reverse. The 1987 amendment to OCGA § 19-7-1 (c) provides: "For cases in which the parents of a deceased child are divorced, separated, or living apart, a motion may be filed by either parent prior to trial requesting the judge to apportion fairly any judgment amounts awarded in the case. Where such a motion is filed, a judgment shall not be automatically divided. . . . The judge shall fairly determine the percentage of the judgment to be awarded to each parent." However, the 1987 amendment only applies to causes of action arising on or after July 1, 1987 (Ga. L. 1987, p. 619, Sec. 2). In *Sapp v. Solomon*, 252 Ga. 532 (2) (314 SE2d 878) (1984), the Supreme Court noted that if the father of a child born out of wedlock could establish that he had provided support for the child in accordance with the appropriate standard, then he would be entitled to one-half of any recovery for the wrongful death of the child. Therefore, we conclude that the trial court's apportionment of the proceeds into anything other than equal shares was erroneous. Accordingly, we reverse that part of the trial court's order which reduces to 10 percent appellant's share of the proceeds.

## Case No. A90A1055

In her cross-appeal, appellee contends that the trial court erred in awarding any percentage of the proceeds to appellant because of appellant's failure to reasonably support the minor child. In *Sapp v. Solomon*, supra, the Supreme Court addressed the issue of whether a father's right to participate in the recovery for the wrongful death of a child born to him *out of wedlock* is defeated by the father's failure to support the child. The court held that "in order for a biological father to participate in a recovery based upon the wrongful death of his child born out of wedlock, he must have provided, during the lifetime of the child, such financial support as shall have been reasonable under the facts and circumstances of the case, bearing in mind the needs of the child and the ability of the father to pay. [Cit.]" *Sapp v. Solomon*, supra at 532-533. In *Ramos v. Ramos*, supra, this court addressed the question of whether the parent of a child born during the marriage but deceased after the divorce of the parents could lose the right to share in the proceeds of a wrongful death action for the homicide of the child. In that case, we preliminarily recognized that under *Sapp* there was at least one instance where a parent's right to a share of the wrongful death proceeds could be forfeited, and while noting that even under the *Sapp* standard the statutory right to share in the proceeds had not been forfeited, we proceeded to apply the standard of abandonment articulated in *Blackburn v. Blackburn*, 249 Ga. 689 (2) (292 SE2d 821) (1982) (there must be clear and convincing evidence of a parent's unfitness before terminating parental rights) and *Thrasher v. Glynn County Dept. of Family &c. Svcs.*, 162 Ga. App. 702 (293 SE2d 6) (1982) (in order to find abandonment, there must be sufficient evidence of an actual desertion, accompanied by an intention to sever entirely the parental relation), to determine that the father had not terminated his parental rights by abandonment. Because the case sub judice does not involve a child born out of wedlock, we find that it is controlled by *Ramos*. The trial court found that appellant exercised his visitation rights with the child; that he occasionally bought her small presents, school clothes and other necessary items; that during the summers of 1985 and 1986 the daughter lived with and was supported by appellant; that appellant's ability to make a living has always been limited by his skills; and that although appellant's contribution to the child may have been paltry, appellant's parental rights had not been terminated. Inasmuch as our review of the record shows ample evidence to support the trial court's ruling that appellant had not forfeited his parental rights, we must affirm. Consequently, appellant is entitled to one-half of the wrongful death proceeds, subject to the payment to appellee of the amount of the consent judgment plus all costs as determined by the trial court.

*Judgment reversed in Case No. A90A1054. Judgment affirmed in Case No. A90A1055. Banke, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 10, 1990 —
REHEARING DENIED NOVEMBER 27, 1990 —

*Morris & Webster, Craig A. Webster,* for appellant.
*Walters, Davis, Smith, Meeks & Pittman, W. Edward Meeks, Jr.,* for appellee.