## Norfolk

COMMONWEALTH OF VIRGINIA
DEPARTMENT OF SOCIAL SERVICES
DIVISION OF CHILD SUPPORT ENFORCEMENT
ON BEHALF OF ROBIN L. HOGGE

v.

LEWIS GERALD HOGGE, JR.

No. 0770-92-1

Decided June 15, 1993

COUNSEL

Betsy S. Elliott, Senior Special Counsel (Division of Child Support Enforcement, on brief), for appellant.

No brief or argument for appellee, Lewis Gerald Hogge, Jr.

OPINION

**BARROW, J.**—Child support provides for the economic best interest of a dependent child; it is not a weapon with which to punish a parent. Accordingly, we hold that a trial court may not deviate from the presumptive amount of child support because a custodial parent has denied a noncustodial parent visitation with their child.

The child, in this case, resides with the mother in Michigan, where the parties were divorced in 1986. The Division of Child Support Enforcement sought support on behalf of the mother in response to a petition from the State of Michigan made pursuant to the Uniform Reciprocal Enforcement of Support Act, Code §§ 20-88.12 *et seq.* Although finding that the presumptive amount of child support under the guidelines was $376 per month, the trial court awarded only $40 per week in child support, the same amount originally ordered in the

Michigan divorce decree. It explained that the deviation from the child support guidelines was "based on the alleged denial of visitation."

■ The child support guidelines contained in Code § 20-108.2 are applicable to "any proceeding on the issue of determining child support" under Title 20, Title 16.1 or Title 63.1. Code § 20-108.1(B). Therefore, the guidelines are applicable to a proceeding brought under the Uniform Reciprocal Enforcement of Support Act, Code §§ 20-88.12 *et seq.*

■ Under the guidelines, the presumptive amount of child support may be deviated from only upon justification determined from evidence of certain specified factors affecting the "obligation, the ability of each party to provide child support, and the best interests of the child." Code § 20-108.1(B). The factors specified by the statute do not include the denial of visitation to one parent by the other. *See id.*

Fourteen of the sixteen factors enumerated in Code § 20-108.1(B) relate expressly to the financial abilities of the parties to provide child support or the financial needs or abilities of the child. The remaining two factors, while not expressly limited to financial concerns, must be construed to be so limited.

These two provisions, one relating to "[a]rrangements regarding custody of the children" and the other regarding "[s]uch other factors, including tax consequences to each party, as are necessary to consider the equities for the parents and children," permit deviation from the presumptive amount to the extent they affect the parties' ability to pay support and the child's need for financial support. Such a limitation appears from the nature of the statute in which they are contained and the language of the statute. Furthermore, another statute, Code § 20-107.2, addresses visitation and identifies the factors to be considered in determining visitation. The General Assembly did not intend the factors relating to child support to also affect visitation where it had identified other factors to control the disposition of visitation.

■ A child's continuing relationship with both parents is an important consideration for every child. *M.E.D. v. J.P.M.*, 3 Va. App. 391, 397, 350 S.E.2d 215, 219 (1986). Visitation assures that a child "will continue to receive the noncustodial parent's affection and nurture." *Id.* Our holding does not undermine these principles. Instead, it rests on the recognition that a child's financial well being should not be jeopardized in order to punish a custodial parent for failing to provide

the noncustodial parent with visitation. Other means exist for enforcing visitation. *See Rippe v. Rippe,* 3 Va. App. 506, 509, 351 S.E.2d 181, 182 (1986).

Our decision is consistent with those of courts in other jurisdictions that have held that interference with visitation or disputes over custody are not defenses to a parent's obligation to pay child support in a proceeding under the Uniform Reciprocal Enforcement of Support Act. *See, e.g., Charlesworth v. California,* 793 P.2d 411, 413 (Utah Ct. App. 1990); *Gera v. Gera,* 796 S.W.2d 13 (Ky. Ct. App. 1990); *Cuccia v. Cuccia,* 773 S.W.2d 928 (Tenn. Ct. App. 1989); *England v. England,* 337 N.W.2d 681 (Minn. 1983); *State ex rel. Hubbard v. Hubbard,* 329 N.W.2d 202, 110 Wis. 2d 683 (1983); *Brown v. Turnbloom,* 280 N.W.2d 473, 89 Mich. App. 162 (1979); *Craft v. Hertz,* 182 N.W.2d 293, 297 (N.D. 1970). Courts in other jurisdictions have also held that denial of visitation does not justify an abatement of child support. *See Williams v. Williams,* 105 N.C. App. 615, 617, 414 S.E.2d 80, 80 (1992) (no basis for deviating from guidelines); *Nisbet v. Nisbet,* 102 N.C. App. 232, 238, 402 S.E.2d 151, 154 (1991); *Macaluso v. Macaluso,* 509 So. 2d 201, 202-03 (La. Ct. App. 1987); *Department of H.R.S. v. Wesley,* 497 So. 2d 925, 927 (Fla. Dist. Ct. App. 1986) (prohibited by statute); *Flynn v. Flynn,* 15 Ohio App. 3d 34, 36, 472 N.E.2d 388, 391 (1984); *Coleman v. Burnett,* 169 Ga. App. 297, 297, 312 S.E.2d 627, 628 (1983); *contra Brandt v. Brandt,* 794 S.W.2d 672, 675 (Mo. Ct. App. 1990) (expressly allowed by statute); *Courten v. Courten,* 459 N.Y.S.2d 464, 467 (App. Div. 1983).

For these reasons, we conclude that the trial court erred in deviating from the child support guidelines solely because the custodial parent had denied the noncustodial parent visitation. The trial court having found the presumptive amount of child support and no other reason for deviating from it, we remand for entry of a decree reflecting that finding. *See* Code § 8.01-681.

*Reversed and remanded.*

Baker, J., and Benton, J., concurred.