A96A0234. UNIROYAL GOODRICH TIRE COMPANY et al.
v. ADAMS et al.
(472 SE2d 518)

POPE, Presiding Judge.

Mary Adams filed suit against Uniroyal Goodrich Tire Company and others for the wrongful death of her 17-year-old daughter, Barbara Bell, after her daughter was killed in a car accident. Pursuant to OCGA § 9-11-17 (a), Uniroyal moved the trial court to dismiss Adams as a party plaintiff on the ground that she was not the proper party to maintain such a cause of action. We granted Uniroyal's application for interlocutory appeal after the trial court denied its motion to dismiss. Concluding that Adams is a proper party plaintiff, we affirm the trial court's ruling.

1. "The prima facie right to recover for the wrongful death of a

---

child who leaves neither spouse nor child undoubtedly belongs to both parents even where those parents are divorced." (Citation and punctuation omitted.) *Dove v. Carver*, 197 Ga. App. 733, 734 (399 SE2d 216) (1990). "[Divorced parents] share the right of action, and one may proceed without the other. Where one parent undertakes to prosecute the cause, the other is nevertheless bound by such action and the law provides for equitably apportioning any proceeds [as set forth in OCGA § 19-7-1 (6)]." (Citation and punctuation omitted.) *Belco Elec. v. Bush*, 204 Ga. App. 811, 814 (420 SE2d 602) (1992). In the instant case, it is undisputed that Barbara was unmarried and childless when she died. Adams, who is divorced and prosecuting the case alone, is Barbara's natural mother. Notwithstanding this fact, Uniroyal contends that she cannot maintain the action because she forfeited any parental power she had regarding Barbara by abandoning her. See OCGA § 19-7-1 (b) (3). We disagree.

"In order to find abandonment, there must be [clear and convincing] evidence of an *actual desertion, accompanied by an intention to sever entirely . . . the parental relation. . . .*" (Citation omitted; emphasis supplied.) *Ramos v. Ramos*, 173 Ga. App. 30, 33 (325 SE2d 415) (1984). See *Dove*, 197 Ga. App. at 735; *Hays v. Jeng*, 184 Ga. App. 157, 159 (360 SE2d 913) (1987). The record does not demonstrate such evidence. It shows that after Adams and Barbara's father divorced, Adams had custody of Barbara. When Barbara was 11 years old, due to mental problems, Adams gave custody of Barbara to her father. The mere delivery of custody of a child to another, however, is not sufficient to constitute abandonment. *Shaddrix v. Womack*, 231 Ga. 628, 632 (4) (203 SE2d 225) (1974). Nor is Adams' alleged failure to provide support for her daughter during the six years she remained with her father. "It is a well-settled principle of law that mere failure of a parent to provide support for a minor child who is in the possession or custody of another person, [when] no support of the child is requested or needed, is not . . . such abandonment as will amount to a relinquishment of [parental power]." (Citation and punctuation omitted.) *Howell v. Gossett*, 234 Ga. 145, 147 (214 SE2d 882) (1975). *Shaddrix*, 231 Ga. at 632 (4). In this case, there is no contention that Barbara's father ever needed or requested support from Adams.

The record also does not contain clear and convincing evidence that Adams ever intended to permanently sever her parental relation with Barbara. Adams' son's opinion that when Adams gave custody to Barbara's father she no longer wanted the responsibility of raising a child and that she wanted to be left alone constitutes no more than mere conjecture. And although there is evidence that Adams had little or no contact with her daughter after giving up custody, it is undisputed that approximately seven months prior to Barbara's

death, Adams agreed to give temporary guardianship of Barbara to Adams' son, but in doing so, only agreed to temporarily relinquish her parental rights. At that time Adams also specifically reserved the right to reacquire guardianship by simply filing an application with the probate court in accordance with OCGA § 29-4-4.1 (c). Furthermore, no family member, including Barbara's father or Adams' son, has ever contested Adams' right to bring the present action, and there is no evidence that anyone ever attempted to terminate Adams' parental rights during Barbara's lifetime. As the trial court noted, Barbara's family apparently always has regarded Adams as Barbara's legal mother. Under such circumstances, we hold that the trial court did not err in failing to dismiss Adams on the ground she had forfeited her right to maintain the instant suit by abandoning Barbara.

2. We also reject Uniroyal's contention that Adams forfeited her right to maintain the wrongful death action by contractually relinquishing her parental power. See OCGA § 19-7-1 (b) (1). In support of this contention, Uniroyal points to the document entitled "Relinquishment of Parental Rights (Temporary Guardianship)," which Adams and Barbara's father executed approximately seven months before Barbara's death. As the trial court recognized, the document clearly is temporary in nature. It specifically created only a temporary guardianship over Barbara in favor of Adams' son, and further provided only for a temporary relinquishment of parental rights. As mentioned above, the temporary nature of the guardianship is further demonstrated by the fact that it could be dissolved merely upon application to the probate court. Parental rights are not permanently relinquished by a guardianship that is intended to be temporary and represented to be temporary in nature. *Hays*, 184 Ga. App. at 158-159. See *Hill v. Loren*, 187 Ga. App. 71, 72-73 (1) (369 SE2d 260) (1988). Absent an agreement evincing the permanent relinquishment of Adams' parental rights, we conclude that at the most, her rights were suspended. The suspension of a parent's rights does not amount to a termination of those rights. See *DeLoach v. Floyd*, 160 Ga. App. 728 (288 SE2d 65) (1981); *Rodgers v. Dept. of Human Resources*, 157 Ga. App. 235 (276 SE2d 902) (1981). It also does not become permanent for purposes of maintaining a wrongful death action merely because it is not lifted before the death of the parent's child. Id. Accordingly, the trial court did not err in ruling that Adams had not contractually relinquished her right to maintain the action.

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED JUNE 14, 1996 —

*Love & Willingham, Daryll Love, Allen S. Willingham, Geoffrey E. Pope,* for appellants.
*Novy, James & Vaughan, Eugene Novy, Deborah M. Vaughan,* for appellees.