## A04A1296. GORDON v. GORDON.

### (603 SE2d 732)

ADAMS, Judge.

This is a custody dispute involving A. M. G., born July 30, 1998. In early 2002, the mother of the child, Beverly Ann Moore Gordon, began serving a sentence for felony credit card fraud at the Davisboro Washington State Prison for Women in Washington County, Georgia. On July 8, 2002, the mother assigned temporary guardianship of the child to her mother (the child's grandmother), appellant Betty H. Gordon, so the child could be cared for during her incarceration. However, the mother revoked the temporary guardianship on June 17, 2003. About that same time, the mother executed a "Limited Power of Attorney for Child Care" to her boyfriend, William Gerlach. The mother specifically provided that the limited power of attorney "shall terminate upon a subsequent revocation on 12/03. . . ." Gerlach was also appointed temporary guardian of the child by the Gwinnett County Probate Court.

On July 7, 2003, the grandmother filed a petition for child custody in the Washington County Superior Court, the county in which the mother is incarcerated. The mother filed an answer to the petition, in which she admitted being a current resident of Washington County. A hearing was held on the petition on August 23, 2003. Following the hearing, the trial court entered an order finding that the petition should have been filed in the county of the guardian's, and not the mother's, residence because "suits in the nature of habeas corpus seeking a change in custody must be brought in the jurisdiction where the party who has possession of the child is located." We granted the grandmother's application for discretionary review to determine whether the trial court erred in dismissing her complaint on this basis.

1. We first address our jurisdiction to entertain this appeal. In dismissing the grandmother's petition, the court characterized the petition as an action for habeas corpus. If this were indeed a habeas corpus action, then the Supreme Court and not this Court would have jurisdiction over this appeal. *Johnson v. Smith,* 251 Ga. 1, 2 (1) (302 SE2d 542) (1983). But "habeas corpus is not an available remedy to inquire into the legality of the custody of a child in a case where the alleged detention is not against the right of the applicant (seeking custody)." (Punctuation and footnote omitted.) *In the Interest of B. A. S.,* 254 Ga. App. 430, 441 (8) (563 SE2d 141) (2002). The grandmother in this case is not seeking custody under some claim of legal right. Instead the grandmother claims that she should have custody because it is in the child's best interest. Under these circumstances, this Court has jurisdiction over the appeal.

2. As we held in Division 1, the trial court erred in concluding that the grandmother's petition was in the nature of an action for habeas corpus. The question then is whether the trial court also erred in concluding that venue was not proper in the Superior Court of Washington County.

We begin by noting that this question cannot be answered by reference to the Georgia Child Custody Intrastate Jurisdiction Act, OCGA § 19-9-20 et seq. That Act addresses only where complaints seeking a change of custody which are filed by or against the *legal custodian* of the child should be brought. OCGA § 19-9-23 (a), (b). A legal custodian is defined in the Act as "a person, including, but not limited to, a parent, who has been awarded *permanent* custody of a child by a court order." (Emphasis supplied.) OCGA § 19-9-22 (2).

In this case Gerlach has only temporary custody of the child, and the mother clearly intended to regain custody of the child when she is released from prison. Thus, there is no "legal custodian" as that term is defined in the Act, and the provisions of the Act that govern the filing of a complaint seeking a change of custody do not apply.

We look, therefore, to the general rules governing venue. The Georgia Constitution provides for venue in a civil case in the county where the defendant resides, and in the case of certain co-defendants residing in different counties, provides that the action may be brought in the county where either defendant resides. Ga. Const. 1983, Art. VI, Sec. II, Par. VI, and Ga. Const. 1983, Art. VI, Sec. II, Par. IV. Although the guardian may be a necessary defendant in this case because he has physical custody of the child, it seems clear that the mother is likewise a necessary defendant in this case. There has been no termination of the mother's parental rights, and as noted above, she clearly intends to regain custody of the child once she is released from prison. "Parental rights are not permanently relinquished by a guardianship that is intended to be temporary and represented to be temporary in nature. [Cits.]" *Uniroyal Goodrich Tire Co. v. Adams*, 221 Ga. App. 705, 707 (2) (472 SE2d 518) (1996). Thus, the mother was a proper party to this action, and the grandmother's petition was properly brought in the county of her residence. The trial court thus erred in dismissing this action based on a finding of improper venue.

*Judgment reversed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 23, 2004.

*Mills & Chasteen, Ben B. Mills, Jr.*, for appellant.
Beverly A. Gordon, *pro se.*