## 31130. EDWARDS v. CASON et al.

UNDERCOFLER, Presiding Justice.

This is an action to obtain custody of a seven-year-old illegitimate girl. It was brought by the mother against the putative father and his mother who has possession of the child. The trial court found that (1) the petitioner had relinquished her parental rights by voluntary contract, (2) the petitioner had abandoned the child by failing to provide for her support, and (3) it was in the best interest of the child that she remain in the custody of the putative father's mother. The petitioner for custody was denied but visitation rights were granted to the petitioner, and this appeal followed.

The child was born December 4, 1967. The mother had been in school, had no job, and was living with her parents, who would not permit the child to be brought into their home. The mother had no means to care for the child, so she told the putative father that if he would not care for the child she would have to offer her for adoption. The putative father took the child to his home, but his wife would not permit the child to remain there. About the middle of January, 1968, he took the child to his mother who agreed to care for her, and the child has remained there since that time. In April, 1968, the natural mother accepted federal employment in Washington, D. C., for which she had passed a civil service examination prior to the birth of her child. From the time the mother left the hospital she has visited the child and furnished some financial support although the number of these visits and the amounts of the contributions are in dispute. The mother's request for custody of the child in 1972 was refused. In April, 1974, she was transferred to Atlanta. She testified she requested the transfer in order that she could better pursue her efforts to obtain custody of her child. Thereafter this suit was filed in May, 1975. The mother further testified that she never considered the custody arrangement other than temporary. The putative father has been divorced, remarried and now lives in Miami. Over the years he has furnished very little financial support for the child. He testified that in 1970 he proposed marriage to the mother and was told she didn't

want to have anything to do with him or the child. The putative father's mother testified she never discussed the matter of custody with the mother and never requested her to furnish any support for the child. The mother is unmarried and now earns approximately $10,000 per year. She lives with her sister in Atlanta. There is no evidence that she is an unfit person to have custody of the child.

The only issue here is whether the trial court's judgment is supported by reasonable evidence. *White v. Bryan,* 236 Ga. 349 (223 SE2d 710). We think not and reverse. The evidence shows the mother at the birth of the child was faced with two choices, namely, either prevail upon the putative father to provide care for the child until she could assume that responsibility or place the child for adoption. To his credit the putative father recognized his obligation. However, the assumption of that legal obligation to care for the child does not persuade us that the mother relinquished her parental rights by voluntary contract. On the contrary, we think the alternative proposed by the mother that the putative father care for the child was made to avoid an adoption and the relinquishment of her parental rights. Nor do we find any evidence that the mother thereafter relinquished her parental rights by abandonment. The putative father's mother, who actually has possession of the child, testified that she never had any discussion with the mother concerning custody of the child. The putative father testified that the mother stated she didn't want to have anything to do with the child but the facts refute this. She continued to visit the child, furnish some financial support, and specifically asked for custody in 1972. Although the mother's visits with the child, until she transferred to Atlanta, have been infrequent and her financial support slight, the evidence shows that during these years she lived a considerable distance from the child and had for a large portion of that time a more limited income than at present. The putative father was furnishing no more, and probably less, financial support than the mother. Then too, no financial support from the mother was requested.

We recognize that custody cases are difficult and our

cases over the years reflect this difficulty. Therefore we have made an extremely careful study of the entire transcript in this case. As a result, it is our considered judgment that the evidence here does not reasonably support the findings that the mother lost her parental rights by voluntary contract or by abandonment because of failure to provide for the child's support. Since the petitioner was not shown to be "unfit," it follows that she is entitled to custody.

*Judgment reversed. All the Justices concur, except Hall, J., who concurs in the judgment only and Nichols, C. J., and Jordan, J., who dissent.*

SUBMITTED MAY 7, 1976 — DECIDED JUNE 22, 1976.

*Maurice Byers,* for appellant.
*W. W. Larsen, Jr.,* for appellees.