**CITY OF HUMBOLDT, Tennessee, Plaintiff-Appellant,**

v.

**Guy MORRIS (Barbara Palmer), Defendant-Appellee.**

Court of Appeals of Tennessee, Western Section.

Aug. 25, 1978.

Certiorari Denied by Supreme Court Nov. 20, 1978.

G. Griffin Boyte, Humboldt, for plaintiff-appellant.

Hal Holmes, Trenton, for defendant-appellee.

EWELL, Judge.

On January 27, 1977, the Quarterly County Court of Gibson County, Tennessee, authorized the issuance and sale of school bonds in the total principal amount of $7,500,000.00 pursuant to the authority granted by Chapter 7 of Title 49, being Sections 49–701, et seq., of *Tennessee Code Annotated.* For the retirement of the bonds there was included in the financial budget for the fiscal year July 1, 1977–June 30, 1978, adopted by the Quarterly County Court on July 11, 1977, a tax of sixty cents per one hundred dollars assessed value of all assessable property in Gibson County. The anticipated revenue from this tax for the fiscal year was $648,000.00.

On August 23, 1977, the entire issue of $7,500,000.00 was sold at an average coupon rate of 5.1273 per cent per annum. The bonds were dated August 1, 1977, and provided for the payment of interest from date. On October 6, 1977, the County Judge delivered the bonds to the purchasers, receiving a total sum of $7,571,530.69 in two checks, one in the amount of $7,500,-000.00 representing the principal amount of the bonds and another in the amount of $71,530.69 representing accrued interest on the bonds from August 1, 1977, to October 6, 1977.

The County Judge, on October 6, 1977, invested the funds in securities maturing thirty or thirty-one days from date, and upon maturity the original sum of $7,571,-530.69 and earnings thereon of $40,468.06 were delivered to Guy Morris, Trustee of Gibson County, Tennessee. On October 10, 1977, and prior to receipt of any of the funds by the Trustee, the Quarterly County Court of Gibson County, without recommendation from the Gibson County Board of Education, directed the Trustee to transfer the $71,530.69, being the interest which accrued on the bonds from August 1, 1977, the date of the bonds, to October 6, 1977, the date of the delivery of the bonds, from the debt service account to the special school account for distribution, with the $7,500,000.00 principal, to the various school systems operating in the County pursuant to Section 49–711, *Tennessee Code Annotated.*

Following receipt of all of the funds on November 7, 1977, the Trustee disbursed the $7,500,000.00 principal and the $40,-468.06 earnings to the cities and school districts operating schools in Gibson County independent of the County on the basis of average daily attendance as provided by statute, and he deposited the $71,530.69 accrued interest in the debt service account for use by the County during fiscal 1977–78 toward payment of the interest on the bonds in the total amount of $572,501.86.

The City of Humboldt, Tennessee, a municipal corporation situated in Gibson County, operates a school system independent of Gibson County, and it received from the Trustee of Gibson County its pro rata share of the funds disbursed but insisted that it was further entitled to its pro rata share of the $71,530.69 deposited by the Trustee to the debt service account. Upon the failure and refusal of the Trustee to disburse that portion of the funds, the City of Humboldt brought suit against Guy Morris, Trustee of Gibson County, Tennessee, in the Law Division of the Law and Equity Court of Gibson County, demanding that an order issue directing the defendant to pay over to plaintiff its pro rata portion of the undistributed funds, relying upon the provisions of Section 49–711, *Tennessee Code Annotated.* The defendant answered insisting that he was not required to distribute the $71,-530.69 which was paid by the purchasers of the bonds as accrued interest to be held in trust for the eventual holders of the bonds in partial satisfaction of the liability of the County to such bond holders. In lieu of an evidentiary hearing the parties entered into a Stipulation of Fact which was filed in the case and constituted all of the evidence considered by the Trial Court. The case was heard by Judge Ralph R. Lawler without the intervention of a jury upon the pleadings and Stipulation of Fact, and he held that the funds in question should remain in the hands of the defendant as Trustee of Gibson County in the debt service account, dismissing the case at plaintiff's cost.

Plaintiff appealed assigning as error the action of the Trial Court in holding that the funds in question remain in the hands of the Trustee in the debt service account.

This case turns upon the construction of Chapter 7 of Title 49 of *Tennessee Code Annotated* entitled "Bonds for School Purposes" and specifically Sections 49–710 and 49–711, which are as follows:

49–710. Proceeds of sale.—The money arising from said sale of school bonds shall be turned over to the trustee of said county, and shall be kept separate and apart from all other funds, and shall be paid out only for the purposes and in the manner provided in this chapter, and said

trustee shall be allowed no commission for receiving or disbursing said funds. Any bond funds not put to immediate use shall be deposited at interest by the trustee until needed. The interest arising therefrom shall be used only towards retiring the school bond indebtedness or, upon recommendation of the county board of education and concurrence of the quarterly county court, shall become a part of the proceeds of the sale of the bonds to be used for the purposes authorized by this chapter. . . .

49–711. Proportional payments to cities —Waiver.—In counties having a city or cities operating schools independent of said county, the trustee of said county shall pay over to the treasurer of said city that amount of said funds which shall bear the same ratio to the entire amount arising from the provisions of this chapter as the average daily attendance of the year ending June 30th next preceding the sale of the bonds of said city or cities bears to the entire average daily attendance of the year ending June 30th next preceding the sale of the bonds of said county; provided, however, that the said funds paid over to the said city treasurer shall be kept separate from all other funds in the manner and for the purposes herein provided for said county funds to be used. Provided that the governing body of any city may, by ordinance regularly adopted, waive its right to all or a part of any funds due to it under the provisions of this section and return said funds to the trustee of said county for the purposes originally provided. . . .

■ The question presented is whether or not, under the facts stipulated, the above statutory provisions require the Trustee of Gibson County to distribute to the cities and school districts operating schools in Gibson County independent of the county, on the basis of average daily attendance, the interest accrued on the bonds from date thereof to date of delivery to the purchasers. We think not and, therefore, affirm the Trial Judge.

The enabling resolution adopted by the County Court provided in Section 8 that "none of said bonds shall be sold for less than par and accrued interest to date of delivery" and in Section 9, the following:

"The proceeds of the sale of the bonds shall be turned over to the County Trustee of the County and shall be paid out for the purposes and in the manner required by law and this resolution."

The resolution contains no specific directive as to the accrued interest to date of delivery, but expressly provides that the proceeds be paid out for the purposes and in the manner required by law.

T.C.A., Section 49–710 likewise fails to address specifically the disposition of accrued interest to date of delivery of the bonds but does provide that the interest arising from the deposit of the bond funds at interest until needed be used only towards retiring the school bond indebtedness unless upon recommendation of the County Board of Education and concurrence of the Quarterly County Court it is determined that such interest become a part of the proceeds of the sale of the bonds to be used for the purposes authorized by law. At no point in the entire chapter is the question of the disposition of accrued interest to date of delivery of bonds dealt with directly.

The legislature in Section 49–710 made explicit provision for the disposition of interest earned on the bond funds after they are received by the trustee. The interest accrued on the bonds between the date of the bonds and the date of their delivery stands in the same status, being also interest received by the county on the principal of the bonds. A logical, reasonable and proper use of the interest in both instances would be toward the retirement of the bond indebtedness since the county must, in due course, pay to the holders of the bonds interest on the same funds which made possible the receipt of interest by the county.

■ Taking the Chapter as a whole, viewing it in light of its general purpose and resorting to the obvious and necessary implications and intendments, we find that the legislature intended that the preferred and favored use of all interest income to the county arising from the principal of the bonds, including accrued interest to date of delivery of the bonds as well as interest arising from the investment of the principal of the bonds after receipt thereof, was toward retiring the bond indebtedness; and, further, that the alternate or secondary use of such interest income, namely becoming a part of the proceeds of the sale of the bonds by being added .thereto and distributed therewith, was authorized by the legislature only upon recommendation of the County Board of Education and concurrence of the Quarterly County Court. *T.C.A.*, Section 49–710.

■ The rule for the construction of statutes, to which all others must yield, is that the intention of the legislature must prevail. *Southern v. Beeler*, 183 Tenn. 272, 195 S.W.2d 857 (1946). That which is implied in a statute is as much a part of it as that which is expressed. *Mayhew v. Mayhew*, 52 Tenn.App. 459, 376 S.W.2d 324 (1964).

In this case the Trustee handled the funds in question in the manner preferred by statute and dictated by good business judgment and sound financial practice. The plaintiff was in no way prejudiced ·or wronged and suffered no financial loss as a consequence thereof. Since the Gibson County Board of Education at no time recommended that the funds in question become a part of the proceeds of the sale of the bonds, we do not agree that T.C.A., Section 49–711 requires the same be distributed as insisted by the City of Humboldt.

Accordingly, the assignment of error is overruled and the decree below affirmed with cost of appeal adjudged against the appellant.

MATHERNE, P. J., and SUMMERS, J., concur.