## 66472. SOLOMON v. SAPP.

Pope, Judge.

On July 17, 1968 Alonzo Boyington was born to appellee who was then unmarried and who has never been married to appellant, the child's biological father. On March 30, 1981 the child died as a result of injuries sustained in an automobile collision. Although appellant's paternity is undisputed, at the time he died the child had never been legitimated, nor had appellant ever initiated legal proceedings to accomplish such legitimation.

The law firm of Groover & Childs brought suit on behalf of appellant and appellee to recover for Alonzo's wrongful death. Settlement of the action resulted in a net amount of $65,000. Due to a dispute between appellant and appellee, the law firm filed a petition for interpleader to determine disbursement of the amount of settlement as between appellant and appellee. The responsive pleadings reflect appellee-mother's claim of entitlement to the entire amount, or, in the alternative, to one-half and by cross-claim to the remainder for unpaid support for the twelve years of the child's life. By virtue of his paternity, appellant-father asserts his entitlement to one-half of the settlement amount, and by cross-claim he claims $30,000 in damages based upon allegations of appellee's malicious use and malicious abuse of process. Summary judgment was granted to appellee-mother under her claim of entitlement to the entire $65,000.

1. Appellant appeals the grant of summary judgment. The parties agree that the single issue in the present appeal is whether the father of an illegitimate child may maintain or recover in an action for the wrongful death of that child. In support of his assertion of entitlement to recovery of proceeds of such tort claim, appellant-putative father relies upon OCGA § 19-7-1 (Code Ann. § 74-108), the statute governing recovery for the homicide of a child. See OCGA § 51-4-4 (Code Ann. § 105-1307). Appellant argues that substantive changes in the wrongful death statute made by the General Assembly in the past few years provide for the putative father to share in the recovery and to maintain a cause of action for the wrongful death of his illegitimate child. After a careful review of the history of the statute, we must agree.

"The right to bring a wrongful death action did not exist under common law. It is statutorily given." *Hughes v. Parham,* 241 Ga. 198, 202-3 (243 SE2d 867) (1978), affd. Parham v. Hughes, 441 U. S. 347 (99 SC 1742, 60 LE2d 269) (1979). Prior to 1979, the right of recovery for the wrongful death of a child belonged to the mother. Only if no mother survived was this cause of action available to the father of the

deceased child. See Ga. L. 1887, p. 43-45. In 1952 the General Assembly explicitly provided for recovery by the mother of a deceased illegitimate child by amending the wrongful death statute with the following: "In suits by the mother the illegitimacy of the child shall be no bar to a recovery." Ga. L. 1952, p. 54.

Further amendment in 1979 recognized a right of recovery for the wrongful death of a child to be in the *parents*. Ga. L. 1979, pp. 466, 494. Additionally, the reference to suits *by the mother* of an illegitimate child was deleted and, instead, amended to read: "In suits for recovery, the illegitimacy of the child shall be no bar to recovery." Id. (presently codified at OCGA § 19-7-1 (c)(5) (Code Ann. § 74-108)). Our Supreme Court has recently commented that the afore-mentioned changes made in the wrongful death statute in 1979 pro-vided "parents with a cause of action for the wrongful death of an illegitimate child. . . ." *Edenfield v. Jackson,* 251 Ga. 491, 492 (306 SE2d 911) (1983). The most recent reincarnation of the applicable wrongful death statute was passed in 1980 (see Ga. L. 1980, p. 1154) and is presently codified at OCGA § 19-7-1 (c) (Code Ann. § 74-108). Regarding tort recovery for the homicide of a child, the statute provides in pertinent part: "(1) In every case of the homicide of a child, minor or sui juris, there shall be some party entitled to recover the full value of the life of the child . . . (2) If the deceased child does not leave a spouse or child, the right of recovery shall be in the parent or parents, if any, given such a right by this paragraph." Subsections (A) and (B) provide for joint recovery for married parents living together and sole recovery for the surviving parent where the other is deceased. Subsection (C) applies to the situation presented in this appeal: "*If both parents are living but are* divorced, separated, or *living apart, the right shall be in both parents.*" (Emphasis supplied.) Further, the caveat prohibiting consideration of illegitimacy as a barrier to recovery remains a part of the statute. OCGA § 19-7-1 (c)(5) (Code Ann. § 74-108).

In a 1978 case deciding the constitutionality of the wrongful death statute prior to the 1979 revision, our Supreme Court held that the putative father's inability under the statute to recover for the wrongful death of his illegitimate child was not violative of his constitutional rights. However, the court noted that "[i]n 1979 the General Assembly could choose to amend the Act to allow the father of an illegitimate child to bring a wrongful death action." *Hughes v. Parham,* supra at 203. We believe this to have been precisely what the legislature did with the 1979 and 1980 revisions. Therefore, appellant father of the illegitimate deceased child, Alonzo Boyington, can maintain and recover in an action for the wrongful death of his child. Moreover, as OCGA § 19-7-1 (c)(2)(C) (Code Ann. § 74-108) provides

that the proceeds of such recovery shall be "divided between the parents" and speaks in terms of their "share[s]," the trial court erred in granting summary judgment to appellee-mother based upon its finding that she was entitled to the entire amount of the settlement.

2. We note that not only is appellee-mother not entitled to the entire amount based upon appellant-putative father's asserted lack of standing to sue for the child's wrongful death, her alternative claim for his share as past unpaid support for their child is also unpersuasive. In support of his claim, appellant relies on OCGA § 19-7-24 (Code Ann. § 74-202): "It is the joint and several duty of each parent of an illegitimate child to provide for the maintenance, protection, and education of the child until he reaches the age of majority, except to the extent that the duty of one parent is otherwise or further defined by court order." "Although under the common law an illegitimate child was the legal responsibility only of its mother, the Code of Georgia also makes the father responsible for its support. [Cit.] This right may be enforced at law by an abandonment proceeding. [Cit.] The father may also assume the duty to support his [child] by voluntary contract, although *without such a contract the statutory abandonment proceeding appears to be the only remedy to obtain such support.*" (Emphasis supplied.) *Thorpe v. Collins,* 245 Ga. 77, 80 (263 SE2d 115) (1980). "Here, the [appellee-mother] could have obtained an adjudication of paternity during the [child's] lifetime by charging [appellant-father] with the offense of abandonment or by filing a civil action for child support payments." *Poulos v. McMahan,* 250 Ga. 354, 364 n. 12 (297 SE2d 451) (1982). See *Cummings v. Carter,* 155 Ga. App. 688 (272 SE2d 552) (1980); *Simmons v. Chambliss,* 128 Ga. App. 218 (196 SE2d 183) (1973). Under the facts of record in the present appeal, none of these avenues were employed by appellee to obtain a judicial and enforceable order establishing an amount certain due from the father for the support of the child. The mother's claim for such support of her illegitimate child, where it is initiated after the death of the child, is not timely and shall not serve as a basis for her contention of entitlement to the share of appellant's recovery in the suit for their child's wrongful death.

*Judgment reversed. Quillian, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 29, 1983 —
REHEARING DENIED DECEMBER 13, 1983 —

*W. W. Hemingway, Tim D. Hemingway,* for appellant.
*Denmark Groover, Jr., Stewart R. Brown,* for appellee.