## 40700. SAPP v. SOLOMON.

WELTNER, Justice.

Certiorari was granted to determine whether the mother of a child born out of wedlock may recover child support from the biological father where her claim was initiated after the death of the child.[1] The Court of Appeals answered this question in the negative. *Solomon v. Sapp,* 169 Ga. App. 267 (312 SE2d 166) (1983).

1. We affirm the decision of the Court of Appeals relative to the mother's claim.

2. We now address the issue as to whether a father's right to participate in a recovery for the wrongful death of such a child is defeated by a failure to support the child. While the mother contends that the father made *no* contribution to the support of the child, he alleges by affidavit that throughout the child's life he provided for "the support, maintenance, health, and well-being [of the child], providing him with the love and affection a father has for his son."

Under the provisions of our adoption statute, nonsupport or abandonment of a child can result in the termination of parental rights. "Surrender or termination of parental rights . . . shall not be required as a prerequisite to the filing of a petition for adoption . . . where (1) a child has been abandoned by a parent. . . ." OCGA § 19-8-6 (a) (Code Ann. § 74-405). The parental rights of a putative father may be terminated without notice where the putative father cannot be found and he "has not lived with the child, nor contributed to its support, nor made any attempt to legitimate the child, and . . . he did not provide support for the mother (including medical care) either during her pregnancy or during her hospitalization for the birth of the child." OCGA § 19-8-7 (b) (Code Ann. § 74-406).

In child custody matters, abandonment of a child works a forfeiture of parental rights. See *Edwards v. Cason,* 237 Ga. 116 (226 SE2d 910) (1976).

These principles extend alike, we believe, to the present action, and should govern the father's right to share in the funds which are the subject of this dispute.

We now hold that in order for a biological father to participate in a recovery based upon the wrongful death of his child born out of wedlock, he must have provided, during the lifetime of the child, such

---

[1] The writer regrets the excessive use in this opinion of the awkward phrase "born out of wedlock." The more usual term, "illegitimate child," is *not* used because there is nothing illegitimate about any child who is brought, involuntarily, into this world. The attaint of that term should be reserved, in proper cases, for parents.

financial support as shall have been reasonable under the facts and circumstances of the case, bearing in mind the needs of the child and the ability of the father to pay. See *Thrasher v. Glynn County Dept. of Family &c. Services,* 162 Ga. App. 702 (293 SE2d 6) (1982). If such a father should establish that he had provided support according to this standard, then he would be entitled to one-half of any recovery for the wrongful death of such a child. If he should fail to do so, then he would be entitled to nothing.

The record in this case reveals that the father neither resided with his child nor attempted to legitimate his parentage of his child. His affidavit, however, claims substantial support, and thus creates a genuine issue of fact. The case is therefore remanded to the trial court for further proceedings not inconsistent herewith.

*Affirmed in part and reversed in part. All the Justices concur, except Gregory, J., who dissents.*

DECIDED APRIL 24, 1984 —
REHEARING DENIED MAY 15, 1984.

*Westmoreland, Patterson & Moseley, Stewart R. Brown,* for appellant.

*W. W. Hemingway, Tim D. Hemingway,* for appellee.

*Baxter H. Finch, Charles E. McCranie, Thomas W. Thrash, Jr.,* amicus curiae.

GREGORY, Justice, dissenting.

The legislature created a claim for the wrongful death of a child and placed that claim in the parents. OCGA § 19-7-1 (c) (Code Ann. § 74-108). The statute makes no distinction between legitimacy and illegitmacy, as is only proper. Neither does the statute make any distinction between parents who support their children and those who do not. This may or may not be proper in a wrongful death statute, but it is certainly a legislative function to make such distinctions. If a condition to the right of recovery should be that financial support have been given to the child during life, I would leave it to the legislature to lay down the guidelines for such a rule.

The majority opinion holds that a biological father who is to participate in a recovery for the wrongful death of his child born out of wedlock must have provided financial support. What about the biological father whose child was born in wedlock? What about the mothers of children born in or out of wedlock? Must they furnish financial support?

What about the parent who furnished financial support as was

reasonable under the facts and circumstances for one-half the child's lifetime but not during the other one-half of the child's lifetime? Is there to be a proration? Is there to be any consideration of the relative amounts of support by each parent?

All these questions are best left to the legislature. I respectfully dissent.