**Brenda Oates PICKETT, Plaintiff-Appellee,**

v.

**AMOCO OIL COMPANY, et al., Defendants,**

**Plains Investors Corp., et al., Third-Party Defendants,**

**Clarence Slappey, Applicant for Intervention-Appellant.**

No. 83–8429.

United States Court of Appeals, Eleventh Circuit.

June 29, 1984.

Rehearing and Rehearing En Banc Denied Aug. 9, 1984.

Kenneth M. Henson, Jr., Carlton Henson, Columbus, Ga., for intervention-appellant.

Baxter H. Finch, Thomas W. Thrash, Atlanta, Ga., for Pickett.

Before RONEY and JOHNSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

Brenda Oates Pickett initiated this diversity action against Amoco Oil Company for the wrongful death of her 12-year-old son, Carlus Oates, after he was electrocuted and killed by an improperly grounded propane tank in Plains, Georgia. The boy's natural father, Clarence Slappey, moved under Rule 24 of the Federal Rules of Civil Procedure to intervene as a plaintiff and share in any recovery even though he never married Ms. Pickett or legitimized Carlus. The district judge concluded that under Georgia law Slappey had forfeited whatever parental rights he had with respect to Carlus prior to the child's death and denied the motion to intervene. Slappey now appeals.

The question of whether the father of a child born out of wedlock can recover for the wrongful death of the child was unsettled under Georgia law until the recent decision in *Solomon v. Sapp*, 252 Ga. 532, 314 S.E.2d 878 (1984):

> We now hold that in order for a biological father to participate in a recovery based upon the wrongful death of his child born out of wedlock, he must have provided, during the lifetime of the child, such financial support as shall have been reasonable under the facts and circumstances of the case, bearing in mind the needs of the child and the ability of the father to pay. If such a father should establish that he had provided support according to this standard, then he would be entitled to one-half of any recovery for the wrongful death of such a child. If he should fail to do so, then he would be entitled to nothing.

252 Ga. at 532, 314 S.E.2d 879 (citations omitted). Application of this standard to the present case requires little discussion. Pickett was an unemployed teenager when she gave birth to Carlus, and she received government assistance in raising him. In a handwritten affidavit, Slappey stated "I did not pay any of the expenses of raising Andrew Carlus Oates," and he conceded in deposition that he was employed for most of Carlus' life. In short, Slappey clearly failed to provide reasonable financial support for his son as discussed in *Solomon*, and as a result he is not entitled to share in a recovery for the child's wrongful death. The district court properly denied the motion to intervene. *See Athens Lumber Co. v. Federal Election Commission*, 690 F.2d 1364 (11th Cir.1982).

AFFIRMED.