Kenneth Ray SPURLING,
Plaintiff–Appellee,

v.

Carla Spurling JOHNSON,
Defendant–Appellant.

Court of Appeals of Tennessee,
Eastern Section.

Dec. 23, 1987.

Application for Permission to Appeal Denied by Supreme Court March 7, 1988.

Sidney Gilreath, Knoxville, for defendant-appellant.

James L. Milligan, Jr., Knoxville, for plaintiff-appellee.

## OPINION

GODDARD, Judge.

The single question presented by this appeal is whether Kenneth Ray Spurling, Plaintiff–Appellee, is entitled to share with Carla Spurling Johnson, his ex-wife, Defendant–Appellant, in the proceeds of a judgment for the wrongful death of their minor daughter, Cassandra Dawn Spurling.

Both parties made motion for summary judgment and the Trial Court sustained the Plaintiff's in finding that he was entitled to share equally in the proceeds of the judgment with his ex-wife.

The facts, which are contained in the pleadings and an affidavit by Mrs. Johnson, are not in dispute. Cassandra was killed in an automobile accident on February 27, 1985. At the time of the accident Mrs. Johnson had custody of her in accordance with the provisions of the divorce decree.

Since the divorce the Plaintiff had never paid the amount of the child support ordered by the Court, and for the five years immediately prior to Cassandra's death had made no payments at all. During the same period he had only visited with her one time.

The Plaintiff's brief discusses to some extent the Intestate Distribution Statute as it relates to personalty, particularly the fact that the Legislature amended Section 31–2–104 to provide for distribution to the parents equally instead of the parent with

custody. However, we are persuaded that distribution in this case is controlled by the Wrongful Death Statute, which provides the following:

*20–5–108. Continuation of decedent's action.*—(a) If the deceased had commenced an action before his death, it shall proceed without necessity of revivor.

(b) The damages shall go to the surviving spouse and next of kin free from the claims of creditors.

While the Defendant concedes that the Plaintiff father is a next of kin, she insists that his failure to support the daughter or to visit her, except for the one time in the last five years, conclusively demonstrates that he suffered no damages recoverable under T.C.A. 20–5–113, which provides as follows:

*20–5–113. Damages recoverable in wrongful death.*—Where a person's death is caused by the wrongful act, fault, or omission of another, and suit is brought for damages, as provided for by §§ 20–5–106 and 20–5–107, the party suing shall, if entitled to damages, have the right to recover for the mental and physical suffering, loss of time, and necessary expenses resulting to the deceased from the personal injuries, and also the damages resulting to the parties for whose use and benefit the right of action survives from the death consequent upon the injuries received.

In support of her insistence, the Defendant contends that there are two types of damages recoverable under the statute, the first a survivor's action allowing recovery for pain and suffering, lost wages, medical expenses and the like, and the other a wrongful death action the damages resulting to one entitled to receive the benefits. In oral argument counsel for the Defendant stated that the child was killed instantly, suffered no pain and suffering,[1] and, consequently, the father is not entitled to any of the judgment unless the daughter's death resulted in damages to him.

1. The record does not mention these matters.

In support of her assertion the Defendant cites a case decided by the Appeals Court of Massachusetts, *Guy v. Johnson*, 15 Mass.App. 757, 448 N.E.2d 1142 (1983). The Massachusetts Wrongful Death Statute provides as to distribution the following:

(4) If there is no surviving wife or husband then to the use of the next of kin.

The Massachusetts Court concluded that the foregoing code section merely designates the "presumptive takers" and that the preceding code section hereinafter set out which denominates damages recoverable must be looked to to determine whether the presumptive takers in fact suffered loss: (448 N.E.2d at page 1144):

A person who (1) by his negligence causes the death of a person, or (2) by willful, wanton or reckless act causes the death of a person ... shall be liable in damages in the amount of: (1) the fair monetary value of the decedent to the persons entitled to receive the damages recovered, as provided in section one, including but not limited to compensation for the loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent to the persons entitled to the damages recovered; ...

The Defendant asserts this construction necessarily follows in light of the fact that by Chapter 284 of the Public Acts of 1975, T.C.A. 20–5–108(b) was amended by deleting the phrase "to be distributed as in the case of the distribution of personal property." We agree, as already noted, that the deletion of these words clearly disclose the legislative intent that distribution shall be made in accordance with the wrongful death statutes rather than those of descent and distribution, but are not persuaded that we should adopt the reasoning of the Massachusetts Court. Instead, we feel constrained to honor the statute as written and are disinclined to write an exception where the Legislature has not.

In this regard, the Western Section of this Court in an opinion by Judge Crawford in *In re: The Estate of James Lynn Bruce v. James L. Bruce, et al.*, filed in Jackson January 7, 1986 [Available on WESTLAW, 1986 WL 654], Permission to Appeal not sought, addressed the statute as amended and held that while the Wrongful Death Statute determined distribution of the proceeds recovered in wrongful death actions, a custodial parent had no preference to the right of action or the proceeds recovered thereby.

The Defendant also cites a Georgia case, *Sapp v. Solomon*, 252 Ga. 532, 314 S.E.2d 878 (1984), involving a dispute between a natural father and mother who were never married, which reached the same result, finding that the father had forfeited any right to the proceeds by abandoning the child.

The appellate courts of this State discussed the effect of abandonment by a parent over 70 years ago in *Heggie v. Barley*, 5 Tenn.Civ.App. 78, 82 (1914), and in doing so used the following language:

[O]ur statutes providing for recoveries for personal injuries negligently inflicted resulting in deaths, and designating for whose benefit such recoveries may be had are clearly in the nature of statutes providing for the descent and distribution of estates, and we are of opinion that the Courts can no more inquire into the worthiness or unworthiness of such beneficiaries in such personal injury cases than they can inquire into the worthiness or unworthiness of those who are designated as beneficiaries of the estates of decedents, and that the Courts cannot deny relief because of unworthiness in either case unless authorized so to do by some statute.

We recognize that in *Heggie* the dispute was between the tort feasor and the father but the foregoing language was quoted with approval by the Supreme Court in a later case of *Anderson v. Anderson*, 211 Tenn. 566, 366 S.W.2d 755 (1963), in a dispute between a mother and father.

We do believe it appropriate under the facts of this case to impress a lien on any funds recovered to satisfy any arrearage that may be owed as to child support and

remand the case for a hearing by the Trial Court on this question and a distribution of the funds accordingly.

For the foregoing reasons, we affirm the judgment of the Trial Court as modified and remand the case for further proceedings consistent with this opinion and for collection of costs below. Costs of appeal are adjudged against the parties equally.

SANDERS, P.J. (E.S.), and ANDERSON, J., concur.