IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE

FILED

Oct. 4, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

SHERRI MANGRUM,

     Plaintiff-Appellee,

                                  Williamson Circuit #93594

Vs.                              C.A. No. 01A01-9505-CV-00183

FRANK DEAN OWENS,

     Defendant-Appellant.


FROM THE WILLIAMSON COUNTY CIRCUIT COURT

THE HONORABLE M. THOMAS TAYLOR, JR., SPECIAL JUDGE




Lela M. Hollabaugh of Manier, Herod, Hollabaugh
& Smith of Nashville
For Appellee

Jacky O. Bellar of Carthage
For Appellant




VACATED AND REMANDED

Opinion filed:




W. FRANK CRAWFORD, JUDGE

CONCUR:

ALAN E. HIGHERS, JUDGE

DAVID R. FARMER, JUDGE

The sole question presented by this appeal is whether defendant, Frank Dean Owens, is entitled to share with plaintiff, Sherri Mangrum, the proceeds of a settlement for the wrongful death of their minor daughter, Lisa Michelle Owens.

Plaintiff, Sherri Mangrum (hereinafter Mother), and defendant, Frank Dean Owens (hereinafter Father), were husband and wife and had a child, Lisa Michelle Owens. They were divorced in 1977, and Sherri Mangrum was awarded custody of the minor child. Father was awarded visitation rights and required to pay child support.

On September 26, 1992, the minor child was killed in an automobile accident. Mother employed counsel and obtained a settlement from Auto Owners Insurance Company in the amount of $300,000.00. Because of a dispute as to whether Father should share in the settlement, Mother filed this declaratory judgment action in the Williamson County Circuit Court and deposited one-half of the settlement proceeds in the court registry. Mother then filed a motion for summary judgment which the trial court granted, stating, "[A] proper interpretation of the existing wrongful death act is that plaintiff, Sherri Mangrum, in this case is the sole 'next of kin' for purposes of recovering for the wrongful death of Lisa Michelle Owens . . . ." Father has appealed, and the only issue for review is whether the trial court erred in granting summary judgment to Mother.

The right of action for wrongful death is statutory. *Black v. Roberts*, 172 Tenn. 20, 21, 108 S.W.2d 1097, 1098 (1937). T.C.A. § 20-5-106 (a) (1994) provides:

> (a) The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin;

2

> or to the person's personal representative, for the benefit of the person's surviving spouse or next of kin; or to the person's natural parents or parent or next of kin if at the time of death decedent was in the custody of the natural parents or parent and had not been legally surrendered by them, otherwise to the person's legally adoptive parents or parent, or to the administrator for the use and benefit of the adoptive parents or parent; the funds recovered in either case to be free from the claims of creditors.

Mother asserts that T.C.A. § 20-5-106(a) requires a finding that only the custodial parent has a right of action and a right to the proceeds for the wrongful death of the child. We must respectfully disagree.

In *Spurling v. Johnson*, 747 S.W.2d 350 (Tenn. App. 1987), the Middle Section of this Court addressed an issue nearly identical to the one presented in the case *sub judice*. In *Spurling* the Court considered whether a divorced father was entitled to share with the mother in the proceeds of a judgment for the wrongful death of their minor child. The Court held that the divorced father had an equal right to share in the proceeds recovered. In *Lett v. Bruce*, 1986 WL 654 (Tenn. App. W.S. Jan. 7, 1986), the Western Section of this Court considered the same question and held that the father had an equal right to share in the proceeds. In so holding, this Court found that T.C.A. § 20-5-106 does not provide for any preference to one natural parent over the other in connection with a right of action for wrongful death of a minor child.[1]

We find nothing in T.C.A. § 20-5-106 which suggests that the right of action for the wrongful death of a child belongs to one natural parent over the other. This statute precisely states that the right of action is provided to the deceased's

---

[1] We should also note that Father, along with Mother, is the "next of kin." "In the law of descent and distribution the term 'next of kin' properly denotes the persons nearest of kindred to the decedent, that is, those who are most nearly related to him by blood." 211 Tenn. 572, 576, 366 S.W.2d 758, 760 (1963). "'Next of kin' is the nearest blood relation of the deceased according to the law of consanguinity. The natural parents of a deceased child are equally the next of kin." *Lett*, 1986 WL 654 at 4 (citing *Gogan v. Jones*, 197 Tenn. 436, 273 S.W.2d 700 (1954)).

natural parents or parent or next of kin if the deceased at the time of death was in the custody of the parents or a parent and "had not been legally surrendered by them." It is conceded in this case that there has been no legal surrender by either parent, and there are absolutely no adoptive parents involved.

The rule of statutory construction to which all others must yield is that the intention of the legislature must prevail. *Plough, Inc. v. Premier Pneumatics, Inc.*, 660 S.W.2d 495, 498 (Tenn. App. 1983); *City of Humboldt v. Morris*, 579 S.W.2d 860, 863 (Tenn. App. 1978). "[L}egislative intent or purpose is to be ascertained primarily from the natural and ordinary meaning of the language used, when read in the context of the entire statute, without any forced or subtle construction to limit or extend the import of the language." *Worrall v. Kroger Co.*, 545 S.W.2d 736, 738 (Tenn. 1977). The Court has a duty to construe a statute so that no part will be inoperative, superfluous, void or insignificant. The Court must give effect to every word, phrase, clause, and sentence of the Act in order to achieve the legislature's intent, and it must construe a statute so that no section will destroy another. *City of Caryville v. Campbell County*, 660 S.W.2d 510, 512 (Tenn. App. 1983); *Tidwell v. Collins*, 522 S.W.2d 674, 676 (Tenn. 1975).

From the language used in the statute, it is apparent that the Legislature intended natural parents to share equally in any "funds recovered" as a result of the wrongful death of a child. Construing the words of the statute in their usual and ordinary sense, we think the statute grants the right of action for the wrongful death of a child to the parents (if both are living and if not to the surviving parent), if, at the time of the child's death, the child was in the custody of both parents or one of the parents and there had been no termination of parental rights by surrender.

Moreover, at the time the controversy in the instant case arose, T.C.A. § 20-5-107 provided in pertinent part:

> Prosecution of action by representative or surviving

4

> spouse or next of kin.---The action may be instituted by the personal representative of the deceased or by the surviving spouse in her own name, or, if there be no surviving spouse, by the children of the deceased or by the next of kin; also, without the consent of the personal representative, either may use his name in bringing and prosecuting the suit, on giving bond and security for costs, or in the form prescribed for paupers. The personal representative shall not, in such case, be responsible for costs, unless he signs his own individual name to the prosecution bond.

T.C.A. § 20-5-107 (1980)

In 1994, the Legislature amended T.C.A. § 20-5-107 by adding, among other things, the following:

> (b) In no event shall a parent be permitted to recover through an action commenced pursuant to subsection (a) until all child support arrearages, together with interest thereon at the legal rate of interest computed from the date each payment was due, shall have been paid in full to the parent ordered to receive such support or to such parent's estate if deceased.

The Legislature is presumed to know the state of the existing law in its consideration and passage of legislation affecting that law. *Neff v. Cherokee Ins. Co.*, 704 S.W.2d 1, 4 (Tenn. 1986); *Piper v. City of Memphis*, 861 S.W.2d 832, 833 (Tenn. App. 1992). Implicit in the Legislature's amendment to T.C.A. § 20-5-107 is its recognition that T.C.A. § 20-5-106 provides both parents, even a non-custodial parent, a right of action for the wrongful death of a minor child.

Mother's complaint also alleges that Father expressly waived his right to share in the settlement proceeds, and Father's answer denies this allegation. The trial court made no determination regarding this issue, thus we remand for such further proceedings as necessary to resolve this issue.

Accordingly the order of the trial court granting summary judgment to Mother is vacated, and this case is remanded to the trial court for such further proceedings as are necessary. Costs of this appeal are assessed against the appellee.

5

_____
W. FRANK CRAWFORD, JUDGE

CONCUR:

_____
ALAN E. HIGHERS, JUDGE

_____
DAVID R. FARMER, JUDGE

6