IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 9, 2007 Session

## HELEN M. BORNER, ET AL. v. DANNY R. AUTRY

**A Direct Appeal from the Circuit Court for Madison County**
**No. C-04-502     The Honorable Donald Allen, Judge**

**No. W2007-00731-COA-R9-CV  - Filed December 13, 2007**

This is a Tenn. R. App. P. 9 interlocutory appeal from the Order of the trial court striking medical bills attached to Plaintiffs/Appellants' complaint pursuant to T.C.A. § 24-5-113. The trial court specifically held that, because Plaintiffs/Appellants incurred total medical expenses in excess of the statutory maximum of $4,000.00, the Plaintiffs/Appellants were not entitled to the statutory presumption of reasonableness and necessity.  Finding no errors of law, we affirm and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

W. FRANK CRAWFORD,J. delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S. joined and HOLLY M. KIRBY, J., concurs separately.

Mitchell G. Tollison of Jackson, Tennessee For Appellants, Helen M. Borner, Lekesa F. Borner, Individually and as Parent and Next Friend of Kaderius Q. Hunt, a minor

Wesley A. Clayton and Matt S. Shepherd of Jackson, Tennessee For Appellee, Danny R. Autry

**OPINION**

On December 7, 2004, Helen M. Borner, Lekesa F. Borner, individually and as next friend of Kaderius Q. Hunt (together, "Plaintiffs," or "Appellants") filed suit against Danny R. Autry ("Defendant," or "Appellee") for injuries sustained and medical expenses incurred as a result of a motor vehicle accident on December 7, 2003 in Madison County, Tennessee.  Helen M. Borner and Lekesa F. Borner were treated by Dr. Michael D. Hellman, an anesthesiologist who practices as a pain specialist.  It is undisputed that the respective medical charges incurred by Helen M. Borner and Lekesa F. Borner exceeded $4,000.00

Pursuant to T.C.A. §24-5-113(a), Helen M. Borner attached a document to the complaint, which listed medical expenses in the amount of $3,977.75.  Lekesa F. Borner attached a document listing medical expenses totaling $3,968.00.  As parent and next friend of Kaderius Q. Hunt, Lekesa

Borner attached a single medical bill in the amount of $234.00 for his treatment. Kaderius Hunt's medical bills are not at issue in this appeal. Because Helen Borner and Lekesa Borner redacted their medical bills to remove certain charges for medical treatment in order to comply with the $4,000.00 maximum allowed under T.C.A. §24-5-113(a), Mr. Autry filed a Motion to Strike or Quash the medical bills attached to the Complaint. Mr. Autry specifically argues that the bills incurred by Helen Borner and Lekesa Borner exceed the statutory amount of $4,000.00 and that, consequently, Plaintiffs reliance upon that statute is improper. By Order of January 19, 2007, the trial court granted Mr. Autry's Motion to Strike or Quash the medical bills attached to the Complaint. The trial court specifically held that, "if a plaintiff in a civil action pays or incurs medical, hospital, or doctor bills in excess of $4,000, then the plaintiff must present expert medical testimony regarding the reasonableness and necessity of those charges and cannot use the statutory presumption set forth in Tenn. Code Ann. § 24-5-113(a)."

On January 26, 2007, Plaintiffs filed a Motion for Interlocutory Appeal from the January 19, 2007 Order. By Order of March 27, 2007, the trial court granted Plaintiffs' Motion for Interlocutory Appeal. By Order of May 17, 2007, this Court granted Plaintiffs' Tenn. R. App. P. 9 application. The Appellants raise two issues for review as stated in their brief:

> 1. Whether a Plaintiff can rely upon T.C.A. § 24-5-113 when the Plaintiff incurred medical bills in excess of $4,000.00 although the Plaintiff does not seek to introduce any bills in excess of $4,000.00 and there is no proof that any medical bills in excess of $4,000.00 are related to the car accident at issue?
>
> 2. Whether a Plaintiff may delete portions of a medical bill so that the medical bills itemized and attached to the Complaint results in an amount under $4,000.00?

Because the issues before us involve the interpretation and applicability of T.C.A. § 24-5-113, they are questions of law. As such, our review of the trial court's order is *de novo* upon the record with no presumption of correctness accompanying the trial court's conclusions of law. *See* Tenn. R. App. P. 13(d); *Waldron v. Delffs*, 988 S.W.2d 182, 184 (Tenn. Ct. App. 1998); *Sims v. Stewart*, 973 S.W.2d 597, 599-600 (Tenn. Ct. App. 1998).

This Court has recognized that plaintiffs are required to present competent proof regarding the reasonableness and necessity of their medical expenses. *See Hogan v. Reese*, 1998 WL 430627 (Tenn. Ct. App. 1998). In *Hogan*, this Court addressed this burden in light of the Legislature's enactment of T.C.A. § 24-5-113, to wit:

> At common law reasonableness and necessity of medical expenses allegedly caused by the defendant are elements constituting a part of the burden of proof resting upon the plaintiff. See 22 Am.Jur.2d "Damages", § 197 (1988). To relieve this burden on small claims, the

legislature by chapter 734 of the Public Acts of 1978 created a prima facie presumption of necessity and reasonableness under certain conditions.

This act of the General Assembly is presently codified as T.C.A. § 24-5-113(a)(1)(2) and (3).

*Hogan*, 1998 WL 430627 at \*6.

The General Assembly has amended T.C.A. § 24-5-113 several times and, most recently, in chapter 780 of the Public Acts of 2000, the General Assembly raises the presumption amount from $2,500.00 to the present maximum amount of $4,000.00.   T.C.A. § 24-5-113 (2000) currently provides, in pertinent part, as follows:

### § 24-5-113. Bills; health care and treatment

(a)(1) Proof in any civil action that medical, hospital or doctor bills were paid or incurred because of any illness, disease, or injury may be itemized in the complaint or civil warrant with a copy of bills paid or incurred attached as an exhibit to the complaint or civil warrant. The bills itemized and attached as an exhibit shall be prima facie evidence that the bills so paid or incurred were necessary and reasonable.
(2) This section shall apply only in personal injury actions brought in any court by injured parties against the persons responsible for causing such injuries.
(3) This prima facie presumption shall apply to the medical, hospital and doctor bills itemized with copies of bills attached to the complaint or civil warrant; provided, that the total amount of such bills does not exceed the sum of four thousand dollars ($4,000).

In *West v. Hudson*, 1988 WL 122431 (Tenn. Ct. App. 1988) (permission to appeal denied March 27, 1989), this Court addressed the question of whether T.C.A. § 24-5-113 is applicable where medical expenses exceed the statutory maximum amount, to wit:

Where the medical, hospital or doctor bills exceed $2,500 [i.e. the statutory maximum amount prior to the 2000 amendment, *see supra*] we think the statute imposes a duty upon the plaintiff to prove by competent proof that the services were rendered, they were necessary, and the charges for the services were reasonable.

In *Jackson v. Sunkenberg*, 2000 WL 66045 (Tenn. Ct. App. 2000), this Court, applying the reasoning of *West v. Hudson*, reversed the trial court's decision to admit into evidence plaintiff's medical bills exceeding the statutory maximum, which was $2,500 at that time, to wit:

> In this case, while plaintiff said he was only claiming $2,500 in medical expenses, the "total" of the bill he sought to introduce at trial clearly exceeded $2,500.00. In *West v. Hudson*...this Court explained that when a plaintiff has medical bills totaling more than $2,500.00, plaintiff must present expert medical testimony regarding the reasonableness and necessity of those charges. It was therefore error for the Trial Judge to admit into evidence plaintiff's medical bills which exceeded the $2,500.00 total.

*Jackson v. Sunkenberg*, 2000 WL 66045 at *2.

Likewise, in the present case, it is undisputed that the ***total*** of the respective medical bills of Helen Borner and Lekesa Borner exceed the current statutory limit of $4,000. Consequently, the trial court did not err in declining to apply the T.C.A. § 24-5-113 presumption in this matter.

Concerning Appellants' argument that a plaintiff may redact certain portions of medical bills in order to comport with the statute, we disagree. In construing statutes, the Court's role is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope. *Sallee v. Barrett*, 171 S.W.3d 822 (Tenn.2005); *McGee v. Best*, 106 S.W .3d 48 (Tenn.Ct.App.2002). In *McGee*, the Court said:

> The rule of statutory construction to which all others must yield is that the intention of the legislature must prevail. *Mangrum v. Owens*, 917 S.W.2d 244, 246 (Tenn.Ct.App.1995)(citing *Plough, Inc. v. Premier Pneumatics, Inc.*, 660 S.W.2d 495, 498 (Tenn.Ct.App.1983); *City of Humboldt v. Morris*, 579 S.W.2d 860, 863 (Tenn.Ct.App.1978)). "[L]egislative intent or purpose is to be ascertained primarily from the natural and ordinary meaning of the language used, when read in the context of the entire statute, without any forced or subtle construction to limit or extend the import of the language." *Id.* (citing *Worrall v. Kroger Co.*, 545 S.W.2d 736, 738 (Tenn.1977)). The Court has a duty to construe a statute so that no part will be inoperative, superfluous, void or insignificant. The Court must give effect to every word, phrase, clause, and sentence of the Act in order to achieve the Legislature's intent, and it must construe a statute so that no section will destroy another. *Id.* (citing *City of Caryville v.. Campbell County*, 660 S.W.2d 510, 512 (Tenn.Ct.App.1983); *Tidwell v. Collins*, 522 S.W.2d 674, 676 (Tenn.1975).*Id*. at 64.

As set out above, in order for the presumption to attach, T.C.A. § 24-5-113 requires that "a copy of bills *paid or incurred* [be] attached as an exhibit to the complaint..." (emphasis added). Subsection (a)(3) provides that the "total amount of such bills" cannot exceed $4,000. Here, it is undisputed that the medical expenses actually paid or incurred by Appellants exceeded $4,000. Nonetheless, Appellants contend that the statutory language "total amount of such bills" refers to the documents or, as in this case the portions thereof, that are attached to the Complaint rather than to the bills that were actually paid or incurred. When reading the statute in its totality, we disagree with Appellants' contention. As discussed in *Hogan*, *supra*, T.C.A. § 24-5-113 was enacted in order to "relieve [the plaintiffs burden to prove reasonableness and necessity of medical treatment] on *small claims*." *Hogan v. Reese*, 1998 WL 430627 at *6 (emphasis added). In order to ensure that the statutory presumption is limited only to small claims, the plain language of the statute requires plaintiffs to itemize and attach to their complaints copies of bills "paid or incurred," T.C.A. § 24-5-113(a)(1), and limits the "total amount of such bills" to $4,000. T.C.A. § 24-5-113(a)(3). There is nothing in the language of this statute from which this Court can conclude that the Legislature intended parties to be able to pick and choose among their medical bills in order to force those bills into the statutory scheme. In the opinion of this Court, to allow plaintiffs to redact their medical bills to ostensibly comport with the statute, flies in the face of the Legislative intent to limit the prima facie presumption to cases that are truly small claims.

For the foregoing reasons, we affirm the Order of the trial court. We remand the case for such further proceedings as may be necessary consistent with this Opinion. Costs of the appeal are assessed one-half to Appellant Helen M. Borner, and her surety, and one-half to Appellant Lekesa F. Borner, and her surety.

_____
W. FRANK CRAWFORD, JUDGE